**Jesus ELIZARRARAZ, Appellant,**

**v.**

**Herbert BROWNELL, Jr., as Attorney General of the United States, Appellee.**

**No. 14083.**

United States Court of Appeals Ninth Circuit.

Dec. 21, 1954.

830

John F. Sheffield, Jacque Boyle, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

GOODMAN, District Judge.

This case originated in the United States District Court for the Southern District of California, upon a petition by appellant to have himself declared a national of the United States pursuant to Section 503 of the Nationality Act of 1940, 8 U.S.C. § 903.[1] James T. McGranery was then Attorney General of the United States and was named a defendant. By subsequent proceedings, the present Attorney General of the

United States, Herbert Brownell, Jr., has been substituted. The petition below alleged that the plaintiff (appellant herein) was a native born citizen of the United States, having been born in Los Angeles on November 9, 1912; that the Attorney General of the United States "has denied the plaintiff his rights and privileges as a national of the United States in that he has decided and determined that the plaintiff is not a national of the United States;" that plaintiff was a permanent resident of Los Angeles, California, within the Southern District and desirous of having the court declare him to be a national of the United States and prayed judgment accordingly.

The answer, upon information and belief, denied the birthplace of appellant, and admitted that the Attorney General had determined that the plaintiff was not a national of the United States, but denied that his rights and privileges as an alleged national had been denied him. The answer further alleged that appellant took up his residence in Mexico in 1932; became a member of the Mexican police force in 1943 and continued as such until 1947 and thereby expatriated himself as a national of the United States pursuant to Section 401(d) of the Nationality Act of 1940, 8 U.S.C. § 801(d).[2] The answer also alleged that the plaintiff failed to state a claim upon which relief could be granted. Upon a trial stipulation below, the District Court made findings and granted judgment for the defendant. Elizarraraz appealed from that judgment.

The complaint contained no allegation that appellant was denied any specific right or privilege as a national by any department or agency of the United States upon the ground that he was not a national of the United States. Indeed, the transcript of the record before us contains neither evidence nor stipulation showing that any officer, agency or department of the United States denied appellant any specified right or privilege as a national on the

1. Now 8 U.S.C.A. § 1503.

2. Now 8 U.S.C.A. § 1481(a) (4).

ground that he was not a national of the United States. Thus we could well affirm the judgment below upon the ground that there was neither allegation nor proof that appellant was denied any right or privilege as a national upon the ground that he was not a national. See Fong Wone Jing v. Dulles, Secretary of State, 9 Cir., 217 F.2d 138.

But in view of the fact that in the briefs and argument, both appellant and the government were in agreement that the cause was presented below and appealed on the issue of expatriation, and in the interests of justice, we will pass the obvious deficiencies in the record and rest decision upon the merits of the issue actually litigated. We take this course because in the briefs and argument, both sides agreed that it was factually correct that respondent denied appellant the right to enter the United States from Mexico upon the ground that he was not a United States national.

■ The contention that appellant expatriated himself when he became a member of the Mexican police force must be sustained. It is not denied that appellant voluntarily joined the police force of the Federal District of Mexico on April 1, 1943 and served continuously therein until 1947. If the post which he filled was one which only nationals of Mexico were eligible to occupy, then, pursuant to § 401(d) of the Nationality Act of 1940, 8 U.S.C. § 801(d), he thereby lost his United States nationality.

Appellant's contention is that Article 32 of the "Political Constitution of the United States of Mexico" saves him. Article 32 provides: "No alien may serve in the army nor in the police corps, nor in any other department of public safety during times of peace." Appellant's argument is that since Mexico was at war [3] at the time he joined the police force, the provisions of § 401(d) of the Nationality Act are not applicable.

But the Mexican Constitutional provision goes no further than to require Mexican citizenship for members of the police force in peacetime. It does not make non-Mexican citizens eligible for duty in war time.

The record shows that the President of Mexico issued a decree, published in the Mexican official Gazette on December 4, 1941, which, inter alia, provided: "The requirements for membership in the Police Force are as follows: The applicant must be a citizen of Mexico by birth."

This decree supplemented the Constitutional provision. It required members of the Police Force to be Mexican citizens, without regard to whether Mexico was at war or in peace. It is obvious therefore that the Constitutional provision does not aid appellant. His claim that he did not expatriate himself is devoid of merit.

The judgment is affirmed.

---

3. As shown in the record, Mexico declared war on May 22, 1942, prior to the time appellant joined the police force.