**John Foster DULLES, Secretary of State,
Appellant,**

v.

**Susanne RICHTER, Appellee.
No. 13445.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 17, 1957.

Decided June 17, 1957.

---

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst.

U. S. Atty., were on the brief, for appellant.

Mr. David Carliner, Washington, D. C., with whom Messrs. Jack Wasserman and H. Stewart McDonald, Washington, D. C., were on the brief, for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

After a hearing, findings of fact and conclusions of law, the District Court entered judgment in favor of Susanne Richter, plaintiff there and appellee here, declaring that she is and at all times since her birth has been a citizen of the United States.[1] The Secretary of State appeals. He urges, in the first place, that the court was without jurisdiction because section 360 of the Immigration and Nationality Act of 1952, 66 Stat. 273, 8 U.S.C. § 1503 (1952), 8 U.S.C.A. § 1503, permits only a person within the United States, which appellee is not, to institute an action for a judgment declaring that he is a national of the United States. Section 360 is only applicable, however, if this cause of action arose after the effective date of the 1952 Act. The savings clause of the Act, section 405(a), 8 U.S.C.A. § 1101 note reserves any right which had come into existence prior to the effective date of the Act unless otherwise specifically provided therein.[2]

The law in effect until the Act of 1952 became effective, section 503 of the Nationality Act of 1940, 54 Stat. 1171, provided that an action of this nature could be brought by any person who is denied a right or privilege upon the ground that he is not a national of the United States, "regardless of whether he is within the United States or abroad." The District Court found that appellee

---

1. Judgment was also entered that the certificate of expatriation of Susanne Richter's father, Edward Otto Weingartner, approved by the Department of State July 7, 1953, is null and void.

2. We held in Wong Kay Suey v. Brownell, 97 U.S.App.D.C. 26, 227 F.2d 41, certiorari denied 350 U.S. 969, 76 S.Ct. 439, 100 L.Ed. 841, that this savings clause preserves after the effective date of the 1952 Act a right which a person obtained under the 1940 Act to sue for a declaratory judgment for determination of the issue of his citizenship. The issue in that case had arisen in an exclusion proceeding.

had been refused an American passport by our Consulate General at Munich, Germany, on May 11, 1949, and also on July 21, 1949, on the ground that she was not a citizen of the United States. We think that the finding as to the latter date should not be disturbed by us. While it does not appear that she then made a formal application it does appear from the record that, claiming to be a United States citizen, she then sought and was denied a passport.[3] A right in appellee then arose under section 503 of the 1940 Act to have the issue of her citizenship determined by an action for a declaratory judgment. The savings clause of the 1952 Act, section 405(a), preserved this right. The District Court accordingly had jurisdiction.

 Appellant urges that even if the court had jurisdiction nevertheless it erred in declaring appellee to be a citizen of the United States. It is conceded that her father, Edward Otto Weingartner, was born in New York May 9, 1890, and was a native-born citizen of the United States. It is also conceded that if he retained his citizenship until his death September 16, 1916,[4] appellant, who was born November 22, 1916, in Germany, where her father had long resided, was also a citizen of the United States. The Secretary urges, however, that the father lost his American citizenship in 1915 by taking an oath of allegiance to the King of Bavaria when he then enlisted in the Royal Bavarian Army, a part of the German Imperial Army.[5] But the evidence that he took such an oath falls short of meeting the clear, unequivocal and convincing evidentiary test set forth in Gonzales v. Landon, 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806, and Soccodato v. Dulles, 96 U.S.App.D.C. 337, 226 F.2d 243. According to German records the father requested and was granted special permission to volunteer, as an American citizen, in the Royal Bavarian Army. There is no direct evidence that he took an oath; only evidence that Bavarian soldiers generally were required to do so. This leaves considerable doubt as to whether the father, who enlisted under special circumstances, was actually required to and did take an oath. We agree with the conclusion reached by the District Court on the record that the father was not expatriated and remained a native-born citizen of the United States, from which it follows that appellee is also a citizen of the United States.

Affirmed.

3. The Secretary in his answer and pretrial statement admitted that appellee was at that time advised that she was not entitled to a United States passport.

4. He was then killed in battle in the Carpathian Mountains.

5. See section 2 of the Act of March 2, 1907, 34 Stat. 1228 [now Immigration and Nationality Act 1952, 8 U.S.C.A. § 1481 (a).]