Jolanda **FERRETTI**, Plaintiff-Appellant,

v.

**John Foster DULLES**, as Secretary of State, and Edward Shaughnessy, as District Director, Defendants-Appellees.

No. 397, Docket 24654.

United States Court of Appeals
Second Circuit.

Argued June 13, 1957.

Decided July 31, 1957.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. (Robert A. Morse, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

CHASE, Circuit Judge.

The appellant is the plaintiff in a suit for a declaratory judgment adjudging her to be a national of the United States. The relevant facts as alleged in her complaint are that she was born in this country on February 2, 1922, and was taken to Italy by her father when she was three years old; that she remained there until she returned to the United States and was admitted as a temporary visitor under a departure bond on May 17, 1955; that, while in Italy, she registered as a Christian Democrat and voted in Italian elections; that, on October 23, 1951, she was advised on Form No. 348 by the Vice-Consul of the United States in Rome that she had, by voting in municipal elections in Italy, on March 10, 1946, expatriated herself under the provisions of Section 401(e) of Chap. IV of the Nationality Act of 1940;[1] that she did not vote voluntarily but did so only under duress; and that she "was prevented from repatriating herself by the actions of the staff members of the Consul in Rome who did not answer her correspondence in this regard." See Act of August 16, 1951, 65 Stat. 191. A motion, before answer, to dismiss the complaint for failure to state a cause of action and for lack of jurisdiction on the ground that the appellant had failed to exhaust her administrative remedies and had no legal status to sue having been denied by Abruzzo, D. J., the suit came on for hearing before Judge Bruchhausen on a renewal of the motion to dismiss and the appellant's motion for summary judgment. He denied the motion of the appellant and dismissed the complaint. This appeal is from those orders.

The appellant insists that she may maintain the suit under the provisions of Section 360(a) of the Immigration

Albert Mayer, New York City, for plaintiff-appellant.

[1] Now 8 U.S.C.A. § 1481(a) (5).

and Nationality Act of 1952, 8 U.S.C.A. § 1503(a); that, in view of the savings provisions in Section 405(a) of that statute, 8 U.S.C.A. § 1101 note, it will lie under Section 503 of the Nationality Act of 1940, 54 Stat. 1171; and also that she has an independent right to maintain the suit under the Declaratory Judgment Act, 28 U.S.C. § 2201. And furthermore, that since she was, while in Italy, notified that she had become expatriated and was prevented from repatriating herself as she alleged in her complaint, she may if the suit will not lie under the above mentioned statutes, maintain it under the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1009(c), to review an adverse, final administrative agency action for which there is no other adequate judicial remedy. It is our conclusion that the appellant has not alleged any denial, on the ground that she was not a national of this country, of a right or privilege she had as a national of the United States; that no claim upon which relief could be granted under any of the above statutes was stated in the complaint; and that no error has been made to appear.

Of course there was no error in denying the appellant's motion for summary judgment on the pleadings unless she had alleged in her unanswered complaint that some right or privilege which she claimed as a national of the United States had been denied her on the ground that she was not such a national. And, by the same token, it was not erroneous to dismiss her complaint if it was thus defective. Dulles v. Lee Gnan Lung, 9 Cir., 212 F.2d 73. No question as to mending her hold by amendment is presented as no effort to amend was made and we assume for present purposes that no insufficiency in the complaint could have been thus remedied.

The nearest approach the appellant has made to alleging that any department or independent agency of the United States or any official thereof has denied her any right or privilege she claimed as a national of this country on the ground that she was not such a na-

tional is found in her claim (1) that she was advised on October 23, 1951, by our Vice-Consul in Rome that she had expatriated herself by voting in Italy and (2) that she was prevented from repatriating herself by the failure of unnamed members of the staff of the Consul to answer her "correspondence" in that regard. Neither separately nor together are these allegations sufficient to state a cause of action.

The notice that by voting she had become expatriated was not the denial of any specific right or privilege which she had claimed. Indeed, there is nothing to show that as of that time she had made any claim whatever and the notice did not leave her less free to claim any right or privilege as a United States national than she had been before she received it. Only after she had made such a claim and it had been denied on the ground that she was not a national of this country would she have been deprived of any right or privilege she may have had as such a national. Elizarraraz v. Brownell, 9 Cir., 217 F.2d 829; Fong Wone Jing v. Dulles, 9 Cir., 217 F.2d 138. Nor does her allegation that she was prevented from repatriating herself by the failure to answer her correspondence in that regard amount to a claim that she was denied any specified right or privilege she had as a national of this country. Conceding that after she had been notified of her expatriation that she had the right to contest that and establish the contrary pursuant to the provisions of the statute above mentioned, her complaint does not show that she was denied anything which prevented her from so doing. There is nothing to show that what she calls her correspondence amounted to a claim of any right or privilege which was denied by the failure to answer it. Even if the right to sue under Section 503 of the 1940 Act, after the effective date of the 1952 Act, was preserved by the saving clause in the latter statute, see Wong Kay Suey v. Brownell, 97 U.S.App.D.C. 26, 227 F.2d 41; Junso Fujii v. Dulles, 9 Cir., 224 F.2d 906 and Hitaka Suda v. Dulles, 9 Cir., 224 F.2d 908, there must have been

the denial, before the suit was brought, of some specific right or privilege which the appellant had claimed as a national which had been denied on the ground that she was not a national. Yung Jin Teung v. Dulles, 2 Cir., 229 F.2d 244, 248. Consequently no cause of action was alleged under either Section 360(a) of the Immigration and Nationality Act of 1952, supra, or under the 1940 Act.

Nor does the Declaratory Judgment Act by itself provide a remedy for the appellant. That statute created new procedural remedies without enlarging the jurisdiction of federal courts. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194. And of course the appellant must exhaust her administrative remedies before she can present a final administrative action reviewable under the provisions of the Administrative Procedure Act. She has not done that. The notification that she had expatriated herself by voting as she did was not a final action. There was, apparently, a feeble attempt to obtain what would have amounted to an administrative reversal of that, but instead of using reasonable persistence to do so she merely initiated some "correspondence," the content of which is not disclosed by this record, and desisted when unknown staff members of the American Consulate at Rome failed to reply to whatever she may have written.

Moreover, she did not resort to the administrative remedies provided in subsections (b) and (c) of Section 1503 of Title 8 U.S.C.A. for "* * * any person who is not within the United States (who) claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States * * *" Not having exhausted her administrative remedies, her effort to obtain judicial review of agency action is now premature.

The contention that Judge Abruzzo's denial of the motion is res adjudicata is but frivolous.

Orders affirmed.