**Yoichi FUJII, Appellant,**

v.

**John Foster DULLES, Secretary of State of the United States, Appellee.**

**No. 15902.**

United States Court of Appeals
Ninth Circuit.

Oct. 10, 1958.

Roy E. Takushi, Honolulu, Hawaii, A. L. Wirin, Fred Okrand, Los Angeles, Cal., for appellant.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before ORR, POPE and HAMLEY, Circuit Judges.

ORR, Circuit Judge.

The complaint in the instant action was filed in the Trial Court on June 4, 1956. Thereafter appellee filed a motion to dismiss on the ground that the Trial Court lacked jurisdiction of the subject matter. There was also filed, in due course, a motion for summary judgment on the ground that the same issues presented by the complaint were adversely decided against appellant in a former action between the same parties. The Trial Court treated both motions as "one for summary judgment".

The two cases, the instant and the former, were disposed of by dismissals of the complaints without further pleading.

The instant action seeks a declaration of status as an American National under section 503 of the Nationality Act of 1940, 8 U.S.C.A. section 903 (1942 ed.).[1]

---

1. § 503 in its pertinent part provides:
   "If any person who claims a right or privilege as a national of the United States is denied such a right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States". Now 8 U.S.C.A. § 1503.

It is alleged that appellant's rights to such a determination are preserved by the "savings clause" of the Immigration and Nationality Act of 1952, section 405 (a), (note to 8 U.S.C.A. § 1101),[2] for the reason that at the time of the enactment of the 1952 Act, he was a citizen of the United States and a resident of Hawaii, temporarily residing in Japan who had been denied a right or privilege by a Department or agency of the United States, the alleged ground of the denial being a finding by the United States Consul in Japan that appellant had forfeited his citizenship and therefore was not entitled to a passport which he had requested on October 29, 1952. The said Consul issued appellant a Certificate of Loss of Nationality on December 29, 1952.

In denying appellant's application for a passport and in the issuing of a Certificate of Loss of Nationality by the Consul, a representative of the United States Government, appellant was denied a right of American Citizenship, in the event he was one. Prior to the effective date of the 1952 Act, 8 U.S.C.A. section 1101 et seq., appellant initiated the necessary administrative steps of filing documents in support of his request for a passport. This constituted a "proceeding" within the "savings clause" of the 1952 Act.

The next step taken by appellant in the same proceeding, as saved by the 1952 Act, was the filing of an action for a declaration of Nationality, the passport having been denied. Cf. Junso Fujii v. Dulles, 9 Cir., 1955, 224 F.2d 906. Compare also United States v. Menasche, 1954, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615.

The Trial Court was of the opinion that the complaint in the first suit asking this relief failed to state a cause of action in that appellant had not alleged that he had fulfilled the statutory requirements to the effect that he had been denied a passport or other right or privilege as a national of the United States at the time the suit was filed, and made an order permitting appellant to amend in this respect.

An amended complaint was filed and contained the requisite allegation of adverse administrative action. Upon motion the amendments were stricken on the ground that since the administrative action alleged did not occur until after the institution of the suit it could not be relied on by relation back to the date of the filing of the action. Whether or not the order striking the amendment was proper [see Junso Fujii v. Dulles, 9 Cir., 1955, 224 F.2d 906] we need not consider here because said order was concerned with a question of pleading and did not go to the merits. The striking of the amendments left the amended complaint in the same vulnerable position as the original complaint and the court dismissed the action for failure to state a cause of action.

Subsequently the instant action was instituted and dismissed on the ground that the question presented had been foreclosed from consideration by the first suit —that it was *res judicata*.

■■ This naturally brings up the question—what, if anything, is the first suit *res judicata* of? In the first case all that was decided was the necessity of an allegation of prior adverse administrative action in order to state a cause

2. § 405(a) in its pertinent part provides:
"Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any * * * proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceeding, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect".

of action and that administrative action completed after the institution of a suit could not be considered in that suit, and in no sense deals with the merits. The pleadings in the instant case contain the requisite jurisdictional and substantive allegations and presents for determination the issue of whether appellant is a citizen of the United States and entitled to a declaratory judgment to that effect. That question was not decided in the first action; the court did not reach it because of the dismissal on other grounds. As stated in the Restatement of Judgments, section 54 (1952), "[w]here a judgment is rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence".

Our search of the record convinces us that nowhere, at no time, has this appellant had his claim of citizenship decided by a court of competent jurisdiction. That is a right to which he is entitled and should be accorded.

The order of dismissal is reversed and the cause remanded for such further action as may be deemed necessary and proper.