**HARUMI SAMESHIMA, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

**No. 1220-57.**

United States District Court
S. D. California,
Central Division.

Oct. 24, 1958.

Wirin, Rissman & Okrand, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine and Mary G. Creutz, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Plaintiff is here seeking a judgment declaring him to be a citizen of the United States. He alleges that he was born in Holtville, California, September 4, 1924; that he was taken to Japan in 1933 while he was a minor; that he served in the Japanese Army from September, 1944, to September, 1945; that said service was not plaintiff's free and voluntary act but was due to the compulsory Japanese conscription law and was under duress and coercion; that he voted in an election held in occupied Japan in April, 1946; that said voting was not his free and voluntary act but was under duress and coercion, confusion and mistake; that in May, 1947, he applied at the American Consulate, Yokohama, Japan, for a passport as a United States citizen; in June, 1947, said application was denied by the American Consul on the ground that he had lost his United States citizenship by reason of the afore-

said military service; that in so acting said Consul denied him a right or privilege as a national of the United States on the ground that he was not a national of the United States.

Plaintiff asserts jurisdiction pursuant to Section 503, United States Nationality Act of 1940 (8 U.S.C.A. § 903),* and Section 405(a), Immigration and Nationality Act of 1952 (66 Statutes 280, Note to 8 U.S.C.A. § 1101).

The defendant has made a motion to dismiss on the ground that Section 503 of the Nationality Act of 1940 was repealed prior to the commencement of this action and plaintiff's right to bring the action was not preserved by the "savings clause" found in Section 405(a) of the Immigration and Nationality Act of 1952 (8 U.S.C.A. § 1101 Note.)

Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, was repealed, effective December 24, 1952. This action was filed October 25, 1957. The question for decision here is whether the right to bring the action under the repealed section was saved by Section 405(a) of the 1952 Act, Note to 8 U.S.C.A. § 1101.[1]

This precise question was before this Court in Matsuo v. Dulles, D.C., 133 F. Supp. 711. In the Matsuo case I held that the "savings clause" saved only substantive rights and not procedural remedies; and that a repealing statute takes away no substantive right where it simply changes the tribunal that is to hear a case; that this is true in a situation such as this where the change of tribunal relegates the plaintiff to an administrative rather than a judicial determination of his claim, citing as authority Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409.

I still consider that the views expressed in the Matsuo case are sound and supported by authority, but I must abandon that position because of pronouncements of the Ninth Circuit which I am obliged to follow.

The District of Columbia Circuit, in Wong Kay Suey v. Brownell, 97 U.S.App. D.C. 26, 227 F.2d 41, took a position contrary to that of the Matsuo case. This Circuit, in Garcia v. Brownell, 9 Cir., 236 F.2d 356, appeared to approve the Wong Kay Suey case. The statement in the Garcia case might well be disregarded, as it was dictum; however, this Court has now made a clear holding in the case of Yoichi Fujii v. Dulles, 9 Cir., 1958, 259 F.2d 866.

The facts in the Fujii case are similar to those in the instant case. The complaint was filed June 4, 1956, three and one-half years after repeal of 8 U.S.C.A. § 903. The Court held that he, nevertheless, had the right to file the action under the repealed statute by virtue of the "savings clause" of the Immigration and Nationality Act of 1952, Section 405(a) (Note to 8 U.S.C.A. § 1101).

The Fujii case is the law of this Circuit and, following that law, the motion to dismiss is denied. Counsel for the plaintiff is directed to prepare, serve and lodge, a formal order in accordance with local Rule 7.

---

* Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503.

1. Sec. 405(a). "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action or proceedings, civil or criminal, brought, or any status, condition, right in the process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes, or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect."