**CHEW WING LUK, Appellant,**

v.

**John Foster DULLES, as United States Secretary of State, Appellee.**

**No. 16171.**

United States Court of Appeals
Ninth Circuit.

June 26, 1959.

Sidney M. Kaplan, Sidney Broffman, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U.S. Atty., Carla A. Hills, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant appeared before the American Consul General in Hong Kong on February 2, 1951, and presented his application as an American citizen for a passport to the United States. In that application appellant claimed to be a citizen of the United States through one Chew Tai Kam, a native born citizen of the United States, whom applicant claimed was his father. In an affidavit attached to the application appellant stated that he had an aunt residing in the United States, by the name of Chew Fong Shew. The American Consul General in Hong Kong denied appellant's application for passport. On June 28, 1951, complaint was filed on appellant's behalf by his next friend Chew Fong Shew, setting forth the same allegations that were before the Consul General, praying for a judicial declaration of appellant's citizenship. On November 6, 1951 appellant secured a certificate of identity from the appellee for the sole purpose of allowing him to come to the United States to prosecute his action pursuant to Section 503 of the Nationality Act of 1940 [1] (8 U.S.C. Sec. 903). The certificate was granted on the ground that appellant's application set forth a "substantial basis" for his claim of American nationality. In the complaint appellant based jurisdiction of the district court on Section 503 of the Nationality Act of 1940, 28 U.S.C. §§ 1331 and 2201, and the jurisdiction of the court in equity proceedings. The complaint

was filed in the United States District Court for the Northern District of California. Subsequently appellant caused the suit to be transferred to the United States District Court for the Southern District of California, Central Division, and on October 21, 1957, filed an amended complaint for declaratory judgment in which he alleged that he was an American citizen as the illegitimate son of Chew Fong Shew (formerly claimed by appellant to be his aunt), a native born citizen of the United States at the time of appellant's birth. In the amended complaint jurisdiction of the district court was based solely on Section 503 of the Nationality Act of 1940.

Trial was had before the district court solely on the issue of jurisdiction. The district court dismissed the amended complaint on the ground that the court did not have jurisdiction of the subject matter of the action for the reason that appellant had not been denied a right or privilege as a national of the United States because the Consul General denied appellant's application for passport on facts different from the allegations set forth in the amended complaint, i. e. such denial was on a claim of citizenship through an alleged father, Chew Tai Kam, and that there had never been a denial of any right or privilege of a national of the United States based on appellant's claim of citizenship through Chew Fong Shew as asserted in the amended complaint.

Although appellee set forth in its answer to the amended complaint as a separate defense alleged fraud on the part of appellant in filing the amended complaint, and that such filing constituted an affront to and imposition upon the dignity of the court, the district court specifically refused to pass upon such matters and decided only that the district court lacked jurisdiction.

The sole question presented on this appeal is whether or not the district court erred in dismissing the amended complaint on the ground that the court did

---

1. Repealed June 27, 1952. The subject matter is now incorporated in 8 U.S.C.A. § 1503.

not have jurisdiction to determine appellant's citizenship.

Section 503 of the Nationality Act of 1940 (8 U.S.C. § 903) provides, in its pertinent parts, as follows:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in a foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the Court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. * * * "

■ The statute is clear that the district court of the United States for the district in which a petitioner claims a permanent residence is a proper court in which to institute an action for a judgment declaring such person to be a national of the United States. It is equally clear that there are two conditions set forth in the statute which are essential to invoke the jurisdiction of the district court: One, that a person has claimed a right or privilege as a national of the United States; and, two, that an agency or department or executive official thereof has denied such claim on the ground that such claimant is not a national of the United States. The statute contains no requirement that the factual basis upon which a claim to nationality is based must first be presented to and passed upon by an agency or department before an action in the district court may be initiated. There is no contention by the appellee that the jurisdiction of the district court was improperly invoked upon the filing of the original complaint. Both jurisdictional requirements above set forth were contained therein. The amended complaint likewise contains these essential requirements. The gist of the action in the original complaint is to secure judicial declaration of appellant's American citizenship based on his claim of a right as a national of the United States and the denial thereof. The gist of the action set forth in the amended complaint is the same. It is true that the allegations under which appellant derived American citizenship as stated in the amended complaint are different than the allegations set forth in the original complaint. It is our view that this change did not divest the district court of jurisdiction.

■ The statute is plain and unambiguous that, if a person who claims a right or privilege as a national of the United States is denied such right or privilege by any department or agency upon the ground that he is not a national of the United States, such person may institute an action in the district court of the United States. In order to sustain the ruling of the district court we would have to import into the statute words which do not appear. We would have to construe the statute to read that if a person who claims a right or privilege as a national of the United States is denied such right or privilege upon the ground that he is not a national of the United States, such person may institute an action which must be grounded upon the same allegations of fact as appear in

the denied claim. Such construction would invade the domain of the other departments of our government. If the district court had elected to hear this case on its merits and had found that the allegations contained in the amended complaint were true notwithstanding the allegations contained in the original complaint, and had concluded that appellant was entitled to a declaration of citizenship, we believe that it could not be successfully contended that the court lacked jurisdiction because the claim of right which was denied on the ground the claimant was not a national of the United States was asserted on different allegations.

Appellee argues that to construe the statute in a manner that sustains the jurisdiction of the district court in this case would place an undue burden on the district courts by requiring such courts to pass upon many cases which might otherwise be finally determined by administrative action. We believe that this is a policy argument that should properly be addressed to Congress, although, in passing, we feel constrained to say that in our opinion situations similar to the one presented by the record in this case will be rare indeed.

Appellee relies strongly in support of its position on the case of Garcia v. Brownell, 236 F.2d 356, decided by this Court in 1956, Chief Judge Denman dissenting. In our view that case is inapposite. In Garcia the complaint was dismissed not for lack of jurisdiction in the district court but because the complaint did not state a claim upon which relief could be granted and such was the only basis for dismissal recited in the order of dismissal. In Garcia the district court exercised its jurisdiction. In the instant case the district judge refused to act because he felt that the court was without jurisdiction.

It may be that on remand the district court may conclude from the evidence before it that the amended complaint was filed in bad faith, that the allegations contained therein are false and constitute a fraud and wilful imposition on the dignity of the court. Under such circumstances the court might properly leave the appellant where it finds him.

The judgment of the district court dismissing the cause for lack of jurisdiction is reversed, and the cause is remanded to the district court for trial.