**Christa Moebius LEFSON, Plaintiff,**

v.

**P. A. ESPERDY, District Director of Immigration & Naturalization Service, Defendant.**

United States District Court
S. D. New York.
July 17, 1962.

770

William H. Oltarsh, New York City, for plaintiff.

Roy Babitt, Sp. Asst. U. S. Atty., New York City, for defendant.

WEINFELD, District Judge.

The defendant moves to transfer this case to the United States Court of Appeals pursuant to the provisions of sections 5(a) and (b) of Public Law 87–301, 75 Stat. 650 (1961), 8 U.S.C. § 1105a(a) and § 1105a Note (1962 Supp.).

The complaint seeks a judicial review of (1) an order of deportation and (2) denial of plaintiff's application for an adjustment of her status to that of a permanent resident.[1]

It is unquestioned that, effective October 26, 1961, under section 5(a) of Public Law 87–301, judicial review of deportation orders is vested in the Court of Appeals and that under section 5(b) of the Act all actions pending unheard in the District Court on the effective date are to be transferred to the Court of Appeals. The plaintiff, however, resists transfer on the ground that by this action she also seeks review of the denial by the District Director of her application for adjustment of status and accordingly the District Court is the appropriate forum for that relief.

The defendant concedes that if plaintiff's action were confined to a challenge to the denial by the District Director or the Regional Commissioner of her application to adjust her status, there would be no basis for transfer to the Court of Appeals. In the instant case it appears that under regulations then in effect plaintiff applied to the District Director for adjustment of her status which was denied by him on September 12, 1960 and upon her failure to take a timely appeal to the Regional Commissioner the order became final. The deportation proceeding was commenced three months later and the final order of deportation was entered on December 13, 1960.

The plaintiff's contention is that the deportation order stems directly from the denial of adjustment of her nonimmigrant status, and if it were upset it would necessarily follow that the deportation order would fall and hence there would be nothing for the Court of Appeals to review. However this disregards that, whatever the basic ground, there is in effect an outstanding order of deportation and that Congress has determined that jurisdiction to review such order is in the Court of Appeals and not in the District Court. The joinder in one action of two distinct challenges to orders, one of which, if standing alone, belongs in the Court of Appeals and the other, if standing alone, properly belongs in the District Court, cannot vest jurisdiction in the District Court of that one which Congress decreed is subject to review only in the Court of Appeals.[2]

---

1. Made pursuant to § 245 of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1255 (1959–60 Supp. II).

2. Especially is this true where the petitioner seeks to premise jurisdiction in this Court on a review of a denial of adjustment as to which she, having failed to appeal to the Regional Commissioner, did not exhaust her administrative remedies. Cf. United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952); Ferretti v. Dulles, 246 F.2d 544 (2d Cir. 1957). Petitioner, after failing to file a timely appeal, made an application to the District Direc-

The entire case should be transferred to the Court of Appeals under the concept of pendant jurisdiction.[3] The Appellate Court may decide to pass upon the deportation order on the merits and at the same time determine the issue posed by the denial of adjustment of status, or in its discretion transfer the latter issue to the District Court and, pending a decision, retain jurisdiction of the deportation question.[4]

The motion for transfer is granted.

---

tor for an extension of time in which to appeal, which was denied. This order, too, the petitioner failed to appeal to the Regional Commissioner, but contented herself with asking the Board of Immigration Appeals to review the denial of adjustment while it was considering the Special Inquiry Officer's order of deportation. The Board held it had no jurisdiction under the governing regulations to review a District Director's decision on adjustment of status, 8 C.F.R. § 3.1 (b) (1962 Supp.)—that only the Regional Commissioner could entertain such a review, 8 C.F.R. § 103.1(e) (1962 Supp.).

3. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). See Romero v. International Terminal Operating Co., 358 U.S. 354, 380–381, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (related claims based on Federal law).

4. Cf. § 5(a) of Public Law 87–301 (§ 106 (a) (5) of the Immigration and Nationality Act, as amended), 75 Stat. 650 (1961), 8 U.S.C. § 1105a (a) (5) (1962 Supp.), under which the Court of Appeals is empowered to transfer the proceeding to the District Court when a petitioner raises an issue of fact that he is a national of the United States.