KUM CHOR CHEE, Plaintiff,

v.

Nicholas KATZENBACH, Acting Attorney General of the United States of America, Defendant.

Civ. No. 2342.

United States District Court
D. Hawaii.

April 11, 1966.

N. W. Y. Char, Honolulu, Hawaii, for plaintiff.

Herman T. F. Lum, U. S. Dist. Atty., by Peter A. Donahoe, Asst. Dist. Atty., Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

Plaintiff seeks a decree that he is a citizen of the United States. He bases his claim on Section 503 of the Immigration and Nationality Act of 1940, 8 U.S.C. § 903, and on his assertion that Section 503 should be given retroactive effect. The defendant moves to dismiss, claiming that Section 503 was not meant to apply retroactively.

Plaintiff was born in China in 1921; in 1937 he applied for admission to the United States, claiming United States citizenship. He was given a hearing before a Board of Special Inquiry and upon its denial of his application, he applied to the Board of Immigration Appeals in Washington, D. C.; the Board sustained the denial of his admission to the United States. Thereafter plaintiff filed a petition for a writ of habeas corpus in the United States District Court for the District of Hawaii, which was dismissed in June, 1937.

Several years later the Immigration and Nationality Act of 1940 became law. Section 503 of that Act provides in material part:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States."

The Immigration and Nationality Act of 1940 was repealed by Section 403(a) (42) of the Immigration and Nationality Act of 1952, but the 1952 Act contained certain savings clauses that plaintiff attempts to invoke in this proceeding. Plaintiff particularly relies upon Section 405(a) of the Act of 1952, which provides in part as follows:

"Sec. 405(a) Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect.  *  *  * "

Plaintiff took no action between the time of the denial of his petition for a writ of habeas corpus in 1937 and the time of filing the complaint in this action, in January of 1965.

The first question is whether or not Section 503 of the 1940 Act gave any rights to the plaintiff. The language of Section 503 does not indicate that it was meant to be retroactive in effect. The section reads:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege  *  *  *."

If the section were intended to be retrospective in effect, it would have been worded:

"If any person who claims, or who has claimed, a right or privilege as a

national of the United States, is denied, or has been denied, such right or privilege * * * ."

Section 405(a) of the 1952 Act, upon which plaintiff relies, actually indicates an intention on the part of Congress not to disturb the validity of orders of exclusion which were valid at the time the 1952 Act took effect. The significant portions of that section are:

"Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any * * * order of exclusion * * * which shall be valid at the time this Act shall take effect * * * ."

Certainly the Order of Exclusion that was entered with reference to the plaintiff in 1937 was valid at the time the 1952 Act took effect. Plaintiff has cited no authority for his position that Section 503 of the 1940 Act should be given retroactive effect. The six decisions cited by the plaintiff all involve construction of Section 405 of the 1952 Act. None of those cases is of help to the plaintiff here, even in connection with the possible application of Section 405 to this plaintiff, because in each of the cited cases the plaintiffs had asserted rights or privileges as American citizens during the period when the Act of 1940 was in full force and effect.

In Dulles v. Richter (1957) 101 U.S. App.D.C. 280, 246 F.2d 709, the plaintiff had applied for a passport during the year 1949. In Fujii v. Dulles (9 Cir. 1955) 224 F.2d 906, the plaintiff had applied for registration as a United States citizen during the year 1952, and before December 24, 1952, when the Immigration and Nationality Act of 1952 became effective.

In Suda v. Dulles (9 Cir. 1955) 224 F.2d 908, the plaintiff had applied for a passport in November of 1952, and was denied the passport on December 18, 1952. In Sameshima v. Dulles (S.D.Cal. 1958) 173 F.Supp. 937, the plaintiff had applied for a passport in 1947. In Frausto v. Brownell (S.D.Cal. 1956) 140 F. Supp. 660, the plaintiff had applied for admission to the United States as a United States citizen, and was denied such admission in August of 1952. In Suey v. Brownell (1955) 97 U.S.App. D.C. 26, 227 F.2d 41, the plaintiffs were denied admission to the United States in August and October, 1952.

Here the plaintiff did not claim any right or privilege as a National of the United States during the time that the Act of 1940 was in effect, and therefore the cited cases have no application to the facts before this Court.

Fundamentally, however, Section 503 of the Act of 1940 is not by its terms retroactive in effect, and neither reason nor authority has been brought before this Court to indicate that it was meant to have retroactive effect. Since the plaintiff's claim of a right or privilege as a National of the United States, and the denial thereof, took place, and was finally adjudicated prior to the enactment of the 1940 Act, his Complaint based upon the 1940 Act must be, and hereby is, dismissed.