**KUM CHOR CHEE, Plaintiff,**

v.

**Nicholas KATZENBACH, Acting Attorney General of the United States of America, Defendant.**

**Civ. No. 2342.**

United States District Court
D. Hawaii.

June 8, 1966.

N. W. Y. Char, Honolulu, Hawaii, for plaintiff.

Herman T. F. Lum, U. S. Dist. Atty., by Peter A. Donahoe, Asst. Dist. Atty., Honolulu, Hawaii, for defendant.

### ORDER DENYING MOTION FOR A NEW TRIAL

TAVARES, District Judge.

Plaintiff's Motion for a New Trial will also be considered as a motion for a rehearing; the facts of this case are set forth in the Decision of the Court, 252 F.Supp. 221, filed on April 11, 1966.

The only additional authority cited by plaintiff in connection with his motion is the case of Bertoldi v. McGrath (1949) 86 U.S.App.D.C. 1, 178 F.2d 977. The facts of that case, however, are totally different from the situation in the case at bar. In the Bertoldi case the petitioner was acquiring citizenship during the period that the Immigration and Nationality Act of 1940 was in effect. Here, on the other hand, a valid order of exclusion existed as to this petitioner at the time the 1940 Act went into effect.

Petitioner again refers to Dulles v. Richter (1957) 101 U.S.App.D.C. 22, 246 F.2d 709, and Frausto v. Brownell (S.D. Cal.1956) 140 F.Supp. 660, and argues that these cases were filed after the effective date of the 1952 Act; but in each of those cases the petitioner had asserted citizenship rights during the time that the 1940 Act was in effect. The decision of this Court is not based upon the fact that the petition herein was filed after the repeal of the 1940 Act; it is based on the fact that petitioner did nothing to assert his alleged right to citizenship during the period that the 1940 Act was in effect.

In the memorandum in support of his Motion for a New Trial petitioner recognizes that during the period between the passage of the 1952 Act and the date when that act became effective, there was a deluge of suits filed in order to stay within the time limitations of the 1940 Act. If petitioner had asserted rights of citizenship during the effective period of the 1940 Act, his posture would be different in this Court.

As previously indicated, however, it is not really necessary to reach the question of the effect of the savings clause of the 1952 Act, because it is the opinion and conclusion of this Court that the 1940 Act was not retroactive in effect, and the order of exclusion pertaining to petitioner that was in effect at the time of the passage of the 1940 Act, was not affected by that Act.

Accordingly petitioner's Motion for a New Trial is hereby denied.