KUM CHOR CHEE, Appellant,

v.

Ramsey CLARK, Attorney General of the
United States of America, Appellee.

No. 21241.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1967.

Nicholas W. Y. Char, Honolulu, Hawaii, for appellant.

Herman T. F. Lum, U. S. Atty., James A. Ventura, Peter A. Donahoe, Asst. U. S. Attys., Honolulu, Hawaii, Fred M. Vinson, Jr., Asst. Atty. Gen., Criminal Division, Dept. of Justice, Maurice A. Roberts, George W. Masterson, Jr., Attys., Washington, D. C., for appellee.

Before POPE, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

In January 1965 appellant filed this action under section 503 of the Immigration and Nationality Act of 1940 (8 U.S.C. § 903) for a judgment declaring that he is a national of the United States.

The complaint alleges that appellant, born in China, derived United States citizenship through his father, a native of the State of Hawaii. It alleges that appellant was denied admission into the United States by a Board of Special Inquiry in May 1937 on the ground that he was not a national of the United States. It alleges that the ruling of the Board of Special Inquiry was sustained by the Board of Immigration Appeals, a petition for writ of habeas corpus was filed and

dismissed, and appellant was excluded from the United States in June 1937.

The district court dismissed the complaint. The court held that section 503 of the Immigration and Nationality Act of 1940 was not "retroactive in effect." The court therefore concluded that the complaint did not allege a cause of action under the 1940 Act because "plaintiff's claim of a right or privilege as a National of the United States, and the denial thereof, took place, and was finally adjudicated prior to the enactment of the 1940 Act * * *." 252 F.Supp. 221, 223 (1966). See also 255 F.Supp. 301 (1966).

The Supreme Court considered the meaning of section 503 of the 1940 Act in Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962). The Court pointed out that "[t]he legislative history of § 503 indicates that Congress understood the provision for a declaratory judgment action to be merely a confirmation of existing law, or at most a clarification of it." 369 U.S. at 377, 82 S.Ct. at 793.

█ In the light of this understanding, it would be unreasonable to suppose that Congress intended to cut off the existing remedy of those whose claims of citizenship had already been denied by limiting that remedy to causes of action accruing after the confirmatory legislation was enacted. The statute was intended to make judicial review of claims to citizenship more readily available, not to limit or destroy opportunities for such review which existed when the Act was adopted.

The district court also expressed the view that appellant's suit was probably barred by the provision of section 405(a) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 note, that "Nothing containing in this Act * * * shall be construed to affect the validity of any * * * order of exclusion * * * which shall be valid at the time this Act shall take effect * * *."

█ We disagree. The right to a declaratory judgment for the determination of citizenship confirmed by section 503 of the 1940 Act was available independently of any prior adverse administrative determination. Mah Ying Og v. McGrath, 88 U.S.App.D.C. 87, 187 F.2d 199 (D.C. Cir. 1950). As in this case, an order of exclusion might constitute the denial of "a right or privilege as a national" which formed the basis for the section 503 proceeding. Wong Kay Suey v. Brownell, 97 U.S.App.D.C. 26, 227 F.2d 41 (1955). And we must read section 405(a) of the 1952 Act in the light of the "well-established congressional policy not to strip aliens of advantages gained under prior laws." United States v. Menasche, 348 U.S. 528, 535, 75 S.Ct. 513, 518, 99 L.Ed. 615 (1955).*

We wish to make it explicit that we have not considered the other grounds for dismissal of this suit submitted to the district court, but not determined by it. Thus we do not pass on the contentions that the suit is barred by laches, by res judicata, and by section 106(b) of the Act of 1952, added by the Act of September 26, 1961, P.L. 87–301, § 5(a), 75 Stat. 651, 8 U.S.C. § 1105a(b).

Reversed and remanded for further consideration.

---

* Under our decisions in Chew Wing Luk v. Dulles, 268 F.2d 824 (9th Cir. 1959); Yoichi Fujii v. Dulles, 259 F.2d 866 (9th Cir. 1958); Dulles v. Quan Yoke Fong, 237 F.2d 496 (9th Cir. 1956); Chin Chuck Ming v. Dulles, 225 F.2d 849 (9th Cir. 1955); and Junso Fujii v. Dulles, 224 F.2d 906 (9th Cir. 1955), it is clear that § 405(a) of the 1952 Act preserves an *unlitigated* right of action under § 503 of the 1940 Act. Other decisions holding this view include Dulles v. Richter, 101 U.S.App.D.C. 22, 246 F.2d 709 (1957), and Wong Kay Suey v. Brownell, 97 U.S.AppD.C. 26, 227 F.2d 41 (1955).