## GENUTH et al. v. NATIONAL BISCUIT CO.

United States District Court
S. D. New York.
Sept. 16, 1948.

Herman E. Cooper, of New York City, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City, for defendant.

RIFKIND, District Judge.

Whether the defendant's motion be treated as one under Rule 12(b) and 12(h) Federal Rules of Civil Procedure, 28 U.S.C.A.—to dismiss the action for lack of jurisdiction over the subject matter—or as one for summary judgment under Rule 56 (see, Rule 12(c) as amended), it is clear that it now appears that the court is without jurisdiction by reason of Section 2(d) of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252(d). The answers to the defendant's interrogatories and the affidavits leave no doubt that the activities[1] for which compensation is sought under the Fair Labor Standards Act were not compensable "by either an express provision of a written or non written contract" or "a custom or practice." The affidavits submitted by plaintiffs and defendant leave not the slightest doubt with respect to this matter. Clearly there was a custom and practice for the employees to change clothes at the commencement and the conclusion of their work. There was neither custom nor practice to compensate for such activity. It is the latter which the statute makes decisive.

---

[1] Walking to and fro from building entrance to locker of dressing room; changing to and from special clothing from street clothing at beginning and end of shift and washing; walking to and fro from locker or dressing room to time clock; time clock punching; walking to and fro from work place to time clock.

214

The Court of Appeals for the Second Circuit having found the Portal-to-Portal Act constitutionally valid, there is no longer any issue which need delay the dismissal of the complaint. Battaglia v. General Motors Corporation, 2 Cir., 169 F.2d 254; Darr v. Mutual Life Insurance Co., 2 Cir., 169 F.2d 262.

Plaintiffs have made a cross motion for leave to file a supplemental complaint to cover the period of employment subsequent to February 26, 1947, when the original complaint was filed. Insofar as the supplemental complaint is addressed to the period subsequent to the effective date of the Portal-to-Portal Act, I see no reason why the plaintiffs should not be allowed to file. The statutory standard for compensable activities engaged in after the effective date of the Act is different from that applicable to activities prior thereto; and the motion papers have not established that the claim for compensation for such later activities is beyond the court's jurisdiction. Considering especially that when the principal complaint in this action was filed the Portal-to-Portal Act had not yet been enacted, I see no reason why the plaintiffs should not be allowed to file the supplemental complaint despite the fact that the principal complaint is dismissed.

The plaintiffs' motion for leave to file a supplemental complaint, as limited by this opinion, is granted. The defendant's motion is granted and the original complaint is dismissed.