JUNSO FUJII, Appellant,

v.

John Foster DULLES, Secretary of State
of the United States, Appellee.

No. 14460.

United States Court of Appeals
Ninth Circuit.

July 14, 1955.

Wirin, Rissman & Okrand, Los Angeles, Cal., Fong, Miho, Choy & Chuck, Honolulu, Hawaii, for appellants.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Fujii appeals from a judgment of the District Court for the District of Hawaii dismissing his amended and supplemental complaint brought under 8 U.S.C. § 903,[1] for a declaration that he is a citizen of the United States.

One of the grounds of the dismissal is that though the original complaint filed on December 16, 1952 sought relief expressly under 8 U.S.C. § 903, it failed to state that Fujii had been denied registration as a citizen of the United States on the ground he was not a national of the United States as required by Section 903, and that, since the amended and supplemental complaint alleging such denial was filed after the repeal of Section 903, it could not be considered and the complaint must be dismissed.

We do not agree that after the repeal of Section 903, the original complaint so could not be amended. Appellee relies upon Bonner v. Elizabeth Arden, Inc., 2 Cir., 177 F.2d 703, 705, holding that such amendments cannot be filed after expiration of the statute of limitations. We think the complaint so far as it is an amendment on matters "*attempt-*

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

*ed to be set forth"* in the original proceeding under Section 903 should have been deemed properly filed under F.R.C. P. 15(c), 28 U.S.C., as follows:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In so far as the supplemental pleading alleges matters subsequent to the "pleading sought to be supplemented" it should be considered, as is an amendment, and allowable as such under F.R.C.P. 15(c).

"(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

█ The following cases are in accord with our view that the claimed jurisdictional defect so may be cured by supplemental pleadings. Porter v. Block, 4 Cir., 156 F.2d 264, 271; Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876, concurring opinion by Judge Clark at page 879; Genuth v. National Biscuit Co., D.C.S.D.N.Y., 81 F.Supp. 213, 214. The reasoning of these cases applies a fortiori to the construction of a statute for preventing the deprivation of a citizen's nationality for, as stated by the Supreme Court in Schneiderman v. United States, 320 U.S. 118, at page 122, 63 S.Ct. 1333, at page 1335, 87 L.Ed. 1796, "the facts and law should be construed as far as is reasonably possible in favor of the citizen". Cf. Fukumoto v. Dulles, 9 Cir., 216 F.2d 553, 554.

█ It further appears that on October 17, 1952 Fujii applied at the office of the American Vice Consul at Kobe, Japan for registration as a citizen of the United States. Instead of acting at once on this application for registration, the Vice Consul, proceeding under 8 U.S.C. § 901, certified to the Department of State that he had reason to believe that Fujii had lost his United States citizenship under 8 U.S.C. § 801 by service in the army of Japan.

An affidavit by the Assistant United States Attorney for the District of Hawaii states that the certificate of loss of nationality was not approved by the Secretary of State *until March 18, 1953* and a copy forwarded to the Consulate at Kobe—and that on that date the Consulate denied Fujii application for registration as a citizen.

Fujii's complaint admitted the army service but alleged that it was not his free and voluntary act but was the result of duress and coercion. His complaint alleges that the certificate was approved by the Secretary of State on December 18, 1952, and that this was the ground of the failure to register him as a citizen seeking a passport on that date. For the purposes of this opinion, we assume the approval of the certification and the Consul's denial of Fujii's registration as a citizen based on it to have been at the later date of March 18, 1953, asserted by Dulles.

The district court narrowly construed the saving clause of § 903 as not continuing Fujii's proceeding for registration as a citizen after December 24, 1952, the date of the repeal of § 903. We do not agree. The liberal construction of the Schneiderman case should have been followed. The saving clause of § 405(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note, provides that it shall not be " 'construed to affect' " a proceeding under § 903 such as is Fujii's here.

Speaking of an amendment made in Congress to § 405(a), the Supreme Court states in United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 518, 99 L.Ed. ——,

that "The change in the section was designed to extend a savings clause already broadly drawn, and embodies, we believe, congressional acceptance of the principle that the *statutory status quo was to continue even as to rights not fully matured."* (Emphasis supplied.) Fujii had the right to litigate his case before the district court though his right thereto had not fully matured on December 24, 1952.

The judgment is reversed and the case remanded to the district court to determine Fujii's contention that he was coerced into his service in the army of Japan.