James T. BATES et al.

v.

**WESTERN ELECTRIC, a wholly-owned subsidiary of the American Telephone and Telegraph Company.**

Civ. A. No. 73–1155.

United States District Court,
E. D. Pennsylvania.

June 28, 1976.

Wilfred F. Lorry, Lorry, Machles & Hymowitz and Alice Ballard, Public Interest Law Center of Phila., Philadelphia, Pa., for plaintiff.

Arthur R. Littleton, Mark S. Dichter, Philadelphia, Pa., for defendant; Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court is the defendant's motion to dismiss certain of the claims made in the plaintiffs' complaint. In its motion the defendant contends that (1) the claim of plaintiffs under Title VII, 42 U.S.C. § 2000e *et seq.* must be dismissed because none of the named plaintiffs have sufficiently alleged in their complaint their compliance with the procedural jurisdictional prerequisites for filing a civil complaint under the Act; (2) the plaintiffs have failed to allege a conspiracy under 42 U.S.C. § 1985(3) and hence have failed to state a claim under that statute because a corporation cannot conspire with itself; and (3) plaintiff Beverly Johnson has failed to state a claim for sex discrimination under 42 U.S.C. § 1981 because § 1981 is applicable only to claims of race discrimination. Also before the Court is the motion of the plaintiffs to amend their complaint. For the reasons stated herein, we have determined that we must grant the plaintiffs' motion to amend their complaint and in ruling on the defendant's motions, we have considered the complaint as amended. We have also determined that we must grant the defendant's motion to dismiss Herbert A. Dailey, Frederick A. Byrd, Barry J. Friday, Charles Robinson and Beverly Johnson as named plaintiffs in connection with the Title VII claim alleged in the amended complaint, but must deny its motion in connection with Title VII as to plaintiffs James Bates and Eugene Ivory; that we will grant the defendant's motion to dismiss the plaintiffs' claim under 42 U.S.C. § 1985(3); and that we will grant the defendant's motion to dismiss plaintiff Beverly Johnson's claim under 42 U.S.C. § 1981 alleging sex discrimination.

*Motion To Amend Complaint.*

The plaintiffs filed this action on May 23, 1973. The plaintiffs alleged that the defendant Western Electric had followed employment procedures at its King of Prussia

plant which are both racially and sexually discriminatory. Plaintiffs contend that these employment practices violate Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1985(3); and 42 U.S.C. § 1981. The defendant has moved to dismiss the plaintiffs' claims in connection with Title VII on the ground that the complaint fails to allege that any of the plaintiffs have complied with the procedural prerequisites for filing a civil action pursuant to the Act. Furthermore, the defendant contends that the discovery undertaken by the parties reveals that in fact none of the named plaintiffs have complied with the procedural prerequisites for the filing of a civil suit pursuant to Title VII. On September 16, 1975, following the extensive discovery undertaken in connection with the defendant's motion to dismiss and the oral argument held thereon, the plaintiffs moved for leave to file an amended complaint. The plaintiffs' proposed amendment attempts to cure the pleading defects alleged by the defendant to be present in their original complaint and sets forth the uncontested facts in connection with the procedures followed by the named plaintiffs prior to the filing of their Title VII civil suit. The amended complaint sets forth the respective plaintiffs' allegations in connection with the filing of charges with the Equal Employment Opportunity Commission (EEOC) and also alleges that certain named plaintiffs received right to sue letters from the EEOC pursuant to 42 U.S.C. § 2000e–5(f)(1) on May 25, 1973, two days after the original complaint was filed. Plaintiffs seek to have their amended complaint, including the factual allegations contained therein which were not in existence at the time of the filing of the original complaint, relate back to the filing of the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. The defendant opposes the proposed amendment and argues that the jurisdictional facts contained in the amended complaint which were not in existence at the time of the filing of the original complaint cannot relate back and therefore the amended complaint alleging the requisite jurisdictional facts was not filed within ninety days of the plaintiffs' receipt of right to sue letters as required by 42 U.S.C. § 2000e–5(f)(1) and must be dismissed.

▌ Rule 15(a) of the Federal Rules of Civil Procedure reads as follows, in pertinent part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

It is clear from the Rule that while the granting of leave to file an amended complaint is within the sound discretion of the trial court, leave to do so shall be freely given when justice requires. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Wolff v. Calla,* 288 F.Supp. 891 (E.D.Pa.1968).[1] As the Supreme Court stated in *Foman v. Davis, supra,* at 182, 83 S.Ct. at 230:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

---

**1.** This motion for leave to amend the complaint was filed prior to the filing by the defendant of a responsive pleading since a motion to dismiss is not such a pleading. Therefore, it would seem that the plaintiffs had a right to amend their complaint at this time without seeking leave of the Court to do so. *Nolen v. Fitzharris,* 450 F.2d 958 (9th Cir. 1971); *Simmons Co. v. Cantor,* 3 F.R.D. 197 (W.D.Pa.1943).

The most important factor in determining whether to grant a party leave to amend a complaint is the resulting prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc., supra.*

 With respect to the allegations in the plaintiffs' amended complaint which allege events occurring after the date of the original complaint, Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.[2]

An application for leave to file a supplemental pleading like an application for leave to amend a complaint is addressed to the sound discretion of the trial court and should be freely granted when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action. Wright and Miller, *Federal Practice and Procedure:* Civil § 1504 at 542–43. Both amended and supplemental complaints are particularly appropriate for correcting defective allegations of jurisdiction in an original complaint. *Fujii v. Dulles,* 224 F.2d

906 (9th Cir. 1955); *Montgomery Environmental Coalition v. Fri,* 366 F.Supp. 261 (D.C.D.C.1973).[2a] This is particularly so in this case where the amendment will cause no delay in the trial of this case nor prejudice the defendant in any way. The amended complaint adds no new parties or claims but merely supplements the complaint by alleging jurisdictional facts of which the defendant is fully aware by virtue of the extensive discovery which has taken place in connection with the motion to dismiss. Therefore, we will grant the motion to amend the plaintiffs' complaint.

Having decided to grant the plaintiffs leave to file an amended complaint, the issue remains as to whether the new pleading relates back to the filing of the original complaint. If not, any amended or supplemental complaint will clearly be filed later than ninety days after any of the plaintiffs received their right to sue letters from the EEOC. Rule 15(c) of the Federal Rules of Civil Procedure reads as follows, in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The amendment and supplement involved herein sets forth only the jurisdictional facts required to be pleaded in a civil complaint alleging a violation of Title VII, i. e., that the plaintiffs timely filed a charge with the EEOC and received and timely acted upon a right to sue notice by the EEOC. Therefore, the additional pleading

---

2. The fact that the plaintiffs have only moved to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is of no significance and does not prevent the Court from considering this motion as one for leave to supplement the complaint under Rule 15(d). *U. S. for Use of Atkins v. Reiten,* 313 F.2d 673 (1963); *Montgomery Environmental Coalition v. Fri,* 366 F.Supp. 261 (D.C.D.C. 1973).

2a. *See also* the recent U.S. Supreme Court decision in *Mathews v. Diaz,* 426 U.S. 67, 75,

96 S.Ct. 1883, 1889, 48 L.Ed.2d 478 (1976) where the Court stated that a supplemental pleading would eliminate the jurisdictional issue where a plaintiff was required to file an application for benefits before filing a civil action and the condition was satisfied while the case was pending in the District Court. The Court stated that it was not too late, even when the case was before the Supreme Court to supplement the complaint and allege the filing of an application.

sets forth only those facts which clearly arise out of the transaction or occurrence set forth in the original pleading. Amendments alleging additional jurisdictional facts have been held to meet the requirements of Rule 15(c). *Boyce v. Anderson,* 405 F.2d 605 (9th Cir. 1968); *Fujii v. Dulles,* 224 F.2d 906 (9th Cir. 1955); *Mattson v. Cuyuna Ore Co.,* 24 F.R.D. 363 (D.Minn. 1959); 3 *Moore's Federal Practice* § 15.15[3] at 1031 (2d ed. 1974).[3]

■ We are of the opinion that the doctrine of "relation back" also applies to that portion of the amended complaint which we have considered under Rule 15(d) as a supplemental complaint and which alleges events which occurred after the original pleading was filed in this case. Although Rule 15(d) does not mention whether the doctrine of relation back is to apply to curative supplemental pleadings, and Rule 15(c) speaks only in terms of the relation back of amended pleadings, courts have held that where a defective allegation of jurisdiction was corrected by an allegation of an occurrence of events subsequent to the filing of the original complaint, the supplemental complaint relates back to the filing of the original complaint. *Fujii v. Dulles,* 224 F.2d 906 (9th Cir. 1955); *Security Insurance Co. of New Haven v. United States,* 338 F.2d 444 (9th Cir. 1964); *Russell v. New Amsterdam Cas. Co.,* 303 F.2d 674 (8th Cir. 1962); Wright and Miller, *Federal Practice and Procedure,* Civil § 1496 at 485–86, § 1508 at 554–55.

Defendant argues, however, that the supplemental complaint in this case cannot relate back to the time of the filing of the original complaint because the alleged receipt by some of the named plaintiffs of right to sue letters issued by the EEOC had not occurred at the time that the original complaint was filed.[4] Therefore, defendant argues that since the amended and supplemental complaint cannot relate back to the

time that the original complaint was filed, the actual serving and filing of the amended and supplemental pleading will be well beyond the statutory limitation of ninety days after the four plaintiffs received their right to sue letters. 42 U.S.C. § 2000e–5(f)(1). In *Security Insurance Co. of New Haven v. United States,* 338 F.2d 444 (9th Cir. 1964), the Ninth Circuit was presented with the same legal argument in a case brought pursuant to the Miller Act, 40 U.S.C. §§ 270a–270d. The provisions of that act provided that no action could be filed until ninety days after the day on which the last work was performed or material was furnished by the party. The Miller Act also provided that no suit could be commenced after the expiration of one year after the last day the labor was performed or material was supplied. The plaintiff filed its complaint less than ninety days after the last day on which labor was supplied so that the action was premature under the act. Then, more than one year after the claim for relief had accrued, the plaintiff filed a supplemental complaint alleging that the requisite ninety days had elapsed. The Court held that the defendant could not successfully argue in the alternative either that relation back did not apply and therefore the action was time barred or that if the doctrine of relation back applied, it required returning to the date of the original complaint at which time the plaintiff's claim had not matured. The Court held that the remedial nature of Rule 15 would not permit the application of the relation back doctrine so literally as to prevent the maintenance of the lawsuit.

■ We shall follow the reasoning of the Ninth Circuit in the *Security* case, *supra,* in that we will not apply the "relation back" doctrine so literally as to require a holding that the amended and supplemental complaint relates back to a time when the plaintiffs had not received a right to sue

---

**3.** *See also* 28 U.S.C. § 1653 providing for amendments of defective jurisdictional allegations at trial.

**4.** The original complaint was filed on May 23, 1973 and the amended complaint alleges that

four named plaintiffs, James Bates, Herbert Dailey, Frederick Byrd and Eugene Ivory received right to sue letters on May 25, 1973, two days after the complaint was filed.

letter. Such a construction would preclude the plaintiffs from maintaining this action (the action would be premature) and would defeat the remedial purpose of Rule 15(d), i. e., to permit curative supplemental pleadings. We therefore hold that the complaint relates back so that the provisions requiring commencement of suit within ninety days of receipt of a right to sue letter do not bar the plaintiffs' action.

### Motion To Dismiss Plaintiffs' Claims Under Title VII.

The defendant has moved to dismiss the Title VII claim because the complaint fails to allege and the facts fail to establish that the plaintiffs have complied with the jurisdictional prerequisites for filing a civil action under that act. Having determined to allow the plaintiffs leave to amend and supplement their complaint, we will next determine the merits of the defendant's motion pursuant to the facts alleged in the amended complaint.[5] For the purpose of the motion to dismiss, the material allegations of the complaint must be taken as admitted. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). In addition, the complaint is to be liberally construed in favor of the plaintiffs. Rule 8(f) F.R.Civ.P.; *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson, supra,* at 45–46, 78 S.Ct. 99.

The defendant contends that none of the plaintiffs have complied with the procedural prerequisites for filing a civil action under Title VII. It is clear that there are two general prerequisites to the maintenance of an action in the district court pursuant to the provisions of Title VII. The first is the timely filing of charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC), 42 U.S.C. § 2000e–5(e). The second is receipt of a right to sue letter from the EEOC and the institution of suit within the time period mandated by 42 U.S.C. § 2000e–5(f)(1). *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Wetzel v. Liberty Mutual Insurance Company,* 511 F.2d 199 (3d Cir. 1975); *rev'd on other grounds* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Jones v. United Gas Improvement Corporation,* 383 F.Supp. 420 (E.D.Pa.1974). Prior to March 24, 1972, the date on which the amendments to the 1964 Civil Rights Act became effective, the appropriate time frame for the filing of a claim with the EEOC was as follows:

> (d) A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.[6]

On March 24, 1972, the 1972 amendments to Title VII became effective and the time limits for filing charges with the EEOC were amended as follows:

> (e) A charge under this section shall be filed within one hundred and eighty days

---

**5.** The defendant will not be prejudiced by this procedure because they have argued the merits of their supplemental motion to dismiss both in their briefs and at oral argument on the basis of the facts which discovery in the case had disclosed. The jurisdictional allegations made by the plaintiffs in their amended complaint do no more than allege those facts which the defendants have argued entitle them to dismissal of the action. There are no new facts alleged in the amended complaint which were not known and discussed by the defendants.

**6.** Section 706(d) of Title VII of the Civil Rights Act of 1964.

after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.[7]

Section 14 of the 1972 amendments provided that:

The amendments made by this Act to section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter.

Therefore, the 1972 amendments apply only to "charges pending with the Commission" on March 24, 1972 and all charges filed thereafter. Thus personnel allegedly aggrieved by an unlawful employment practice occurring prior to March 24, 1972 who had no charge pending with the EEOC at that time are subject to the provisions as to the time limits as set forth in the original Civil Rights Act of 1964; i. e., within ninety days of the alleged unlawful employment practice. *Wetzel v. Liberty Mutual Insur-*

ance Co., 508 F.2d 239, 246 n.9 (3d Cir. 1975); *Equal Employment Opportunity Commission v. United Aircraft Corporation,* 383 F.Supp. 1313 (D.Conn.1974); *Equal Employment Opportunity Commission v. Christiansburg Garment Company, Inc.,* 376 F.Supp. 1067 (W.D.Va.1974). Section 706(e) of the original Civil Rights Act of 1964 provided that a civil suit could be brought by a claimant within thirty days of his receipt of a right to sue letter from the EEOC.[8] In 1972 the Act was amended to provide that a civil action may be commenced if filed within ninety days after the aggrieved person receives a right to sue letter from the EEOC.[9]

The following factual allegations appear in the complaint, as amended and supplemented, in connection with the exhaustion of administrative remedies with the EEOC and the subsequent receipt and action upon right to sue letters from the EEOC as to each of the seven named plaintiffs. James T. Bates alleges that he applied for employment with the defendant on or about March 25, 1971 but was not hired because of his race. Mr. Bates filed charges with the EEOC on June 16, 1971, alleging a violation by the defendant of his rights under Title VII. The EEOC found reasonable cause to believe that the defendant had violated the act as alleged by Mr. Bates but was unable to secure voluntary compliance with the act through conciliation. Mr. Bates verbally requested a right to sue letter from the EEOC on March 7, 1973, May 8, 1973, May 9, 1973 and on May 23, 1973, and submitted a written request to the EEOC for a right to sue letter on May 10, 1973. The EEOC issued a right to sue letter to Mr. Bates on May 24, 1973, which letter was received by Mr. Bates on May 25, 1973.[10] The allegations as outlined above are admitted by the defendant in its brief. These allegations show that Mr. Bates filed

7. Section 706(e) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–5(e).

8. Prior to 1972, this section was codified at 42 U.S.C. § 2000e–5(e).

9. 42 U.S.C. § 2000e–5(f)(1).

10. The period within which a claimant must file his civil action does not begin until receipt by him of his right to sue letter. *Miller v. International Paper Company,* 408 F.2d 283 (5th Cir. 1969).

a charge against the defendant within ninety days of the alleged unlawful employment practice, as required by section 706(d) of Title VII of the Civil Rights Act of 1964, as then in effect, and that Mr. Bates filed his civil action within ninety days of the receipt by him of a right to sue letter on May 25, 1973. Therefore, the defendant's motion to dismiss Mr. Bates as a named plaintiff in connection with the Title VII claim is denied.

Herbert A. Dailey alleges that he was employed by the defendant from July 1, 1968 until May 11, 1970, at which time he was discharged. Mr. Dailey alleges that during his employment he was subjected to improper employment practices because of his race and that because of his race he was improperly discharged. On May 13, 1970, two days after his discharge, Mr. Dailey filed a grievance with his union. In August 1971, Mr. Dailey learned that his grievance with the union had been unsuccessful. On August 16, 1971, Mr. Dailey filed a charge with the EEOC, which charge alleged that the defendant had violated Mr. Dailey's rights under Title VII of the Civil Rights Act of 1964. The EEOC found reasonable cause to believe that the defendant had violated Mr. Dailey's rights thereunder, but was unable to secure voluntary compliance through conciliation. Mr. Dailey verbally requested a right to sue letter from the EEOC on February 14, 1973, March 7, 1973, May 8, 1973, May 9, 1973, and on May 23, 1973. Mr. Dailey submitted written requests to the EEOC for a right to sue letter on February 9, 1973 and on May 10, 1973. On May 24, 1973, the EEOC issued Mr. Dailey a right to sue letter, which letter was received by Mr. Dailey on May 25, 1973.

The defendant contends that Mr. Dailey did not file his charge with the EEOC within ninety days as required by Section 706(d) of Title VII of the Civil Rights Act of 1964, but waited 462 days to file his charge. Mr. Dailey contends, however, that the pursuance by him of his union grievance tolled the limitation period within which he was required to file his charge with the EEOC and that he did file a charge with the EEOC within ninety days after he was notified that his grievance had been unsuccessful. Although our Third Circuit has not addressed this issue, some courts have held that the filing of a grievance with a union under a collective bargaining agreement tolls the statute of limitations in connection with the filing of a charge with the EEOC. *Sanchez v. T.W.A.,* 499 F.2d 1107 (10th Cir. 1974); *Moore v. Sunbeam Corp.,* 459 F.2d 811 (7th Cir. 1972); *Malone v. North American Rockwell Corp.,* 457 F.2d 779 (9th Cir. 1972); *Hutchings v. U. S. Industries, Inc.,* 428 F.2d 303 (5th Cir. 1970); *Culpepper v. Reynolds Metals Co.,* 421 F.2d 888 (5th Cir. 1970). However, we have determined that the recent decision of the Sixth Circuit in *Guy v. Robbins v. Myers, Inc.,* 525 F.2d 124 (1975) sets forth the better statement of law in connection with this issue. The Court in *Guy* rejected the holdings of the above cases and held that the filing of a grievance pursuant to a collective bargaining agreement did not act to toll the jurisdictional requirements of Title VII, but that a claimant was required to file his charge with the EEOC within ninety days of the alleged unfair labor practice. The Court based this decision upon two recent Supreme Court opinions.[11] With the exception of the Tenth Circuit's decision in *Sanchez v. TWA,* these two Supreme Court decisions were decided subsequent to the cited decisions holding that the filing of a grievance tolled the jurisdictional prerequisites to filing a civil suit under Title VII. In *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the United States Supreme Court held that the union grievance procedure and the federal remedies created under Title VII were independent and proceeding under the collective bargaining agreement did not foreclose access to the federal remedy under Title VII. The Supreme Court also held in *Alexander* that a jurisdictional prerequisite to the filing of

---

11. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *John-* son v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

a Title VII civil suit was the timely filing by the claimant of a charge with the EEOC. In *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the United States Supreme Court held that the timely filing of a charge with the EEOC under Title VII did not toll the statute of limitations in connection with a claim under 42 U.S.C. § 1981. We agree with the Sixth Circuit that, read together, these two Supreme Court decisions require the conclusion that the grievance procedure under a collective bargaining agreement and an aggrieved person's remedies under Title VII are independent remedies and that the filing of a grievance under a collective bargaining agreement does not toll the limitations period under Title VII.[12] Mr. Dailey's claim under Title VII is barred by his failure to timely file his charge with the EEOC and he is therefore dismissed as a named plaintiff in connection with his Title VII claim.

Frederick A. Byrd was employed by the defendant until July 10, 1969, at which time he was laid off, allegedly because of his race. On January 8, 1970, 182 days after his alleged unlawful termination, Mr. Byrd filed charges with the EEOC. Mr. Byrd alleges that he verbally requested a right to sue letter on several occasions, that he submitted a written request therefore on May 10, 1973, that on May 24, 1973 the EEOC issued to him a right to sue letter and that on May 25, 1973, he received his right to sue letter. The allegations in the amended complaint establish that Mr. Byrd did not file his charge with the EEOC within ninety days as required by Section 706(d) of Title VII of the Civil Rights Act of 1964 and therefore he is dismissed as a named plaintiff in connection with this Title VII claim. *Collins v. United Air Lines,* 514 F.2d

594 (9th Cir. 1975); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975).

Barry J. Friday was employed by the defendant from June 1964 until July 1970, at which time he was laid off. Mr. Friday alleges that he was continually subjected to unlawful employment practices by the defendant and that his termination was the result of racial discrimination. Mr. Friday filed a charge with Pennsylvania Human Relations Commission (PHRA) in February 1970. On May 24, 1971, the PHRA made a determination that there existed no probable cause for action on Mr. Friday's charge. Thereafter, Mr. Friday verbally requested a right to sue letter from the EEOC on several occasions and on May 10, 1972 delivered a written request for a right to sue letter to the agency. Mr. Friday has never filed a complaint with the EEOC, nor has he ever received from them a right to sue letter. Although it is permissible to file a charge with a state agency authorized to prohibit unlawful employment practices,[13] and the filing of such a charge will enlarge the time limitation for the filing of a charge with the EEOC, neither the Act, nor any case which has been cited to the Court, holds that the filing of a charge with a state agency satisfies the statutory jurisdictional prerequisites for the filing of a Title VII civil action, i. e., that the claimant file a charge with the EEOC and that the claimant timely act upon the right to sue letter issued by the EEOC. Indeed, the Courts have uniformly held that a claimant must exhaust his administrative remedies before the EEOC before he may file a civil action under Title VII. *Gibson v. Kroger Company,* 506 F.2d 647 (7th Cir. 1974); *cert. denied* 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975); *Williams v. General Food Corp.,*

---

**12.** It should be noted that Congress did not provide that the filing of a grievance under a collective bargaining agreement would extend indefinitely the time for filing a Title VII remedy, although it did provide that filing a charge with a state agency with powers to prevent and correct employment discrimination would extend the time for filing a charge with the EEOC. *See* Section 706(d) of Title VII of Civil Rights Act of 1964 prior to 1972 amendments, 42

U.S.C. § 2000e–5(d) and Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e) as amended.

**13.** Indeed, 42 U.S.C. § 2000e–5(c) requires that such charges be filed in the first instance with a state or local agency, if one exists. The Act also increases the time for filing a charge with the EEOC where a charge has first been filed with a state or local agency. 42 U.S.C. § 2000e–5(e).

492 F.2d 399 (7th Cir. 1974); *Griffin v. Pacific Maritime Assoc.,* 478 F.2d 1118 (9th Cir. 1973), *cert. denied* 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973); *Richardson v. Miller,* 446 F.2d 1247 (3d Cir. 1971); *Miller v. International Paper Company,* 408 F.2d 283 (5th Cir. 1969). Mr. Friday did not comply with the jurisdictional prerequisites and he is therefore dismissed as a named plaintiff in connection with his Title VII claim.

Eugene D. Ivory applied for employment with the defendant on May 6, 1971, but was not hired, allegedly because of his race. Mr. Ivory filed a charge with the EEOC on June 7, 1971. The EEOC subsequently found reasonable cause to believe that the defendant was violating Title VII, but its attempts at conciliation were unsuccessful. Plaintiff Ivory orally requested a right to sue letter from the EEOC on March 7, 1973, May 8, 1973, May 9, 1973 and on May 23, 1973, and requested a right to sue letter on May 10, 1973. On May 24, 1973 the EEOC issued a right to sue letter to Mr. Ivory, which letter was received by Mr. Ivory on May 25, 1973. It is clear, therefore, that Mr. Ivory has fulfilled the jurisdictional prerequisites to filing a civil suit under Title VII by filing a charge with the EEOC within ninety days of the alleged unlawful employment act, receiving a right to sue letter and timely filing his civil suit. Therefore, the defendant's motion to dismiss Mr. Ivory as a named plaintiff in the Title VII claim will be denied.

Beverly A. Johnson was employed by the defendant from January 1, 1967 until January 11, 1973. Ms. Johnson alleges that during her employment she was discriminated against because of her race and sex and that her discharge was the result of unlawful discrimination on the basis of her race and sex. Ms. Johnson filed a charge with the EEOC in May of 1973. She requested a right to sue letter verbally on May 8, 1973, May 9, 1973 and on May 23, 1973 and made a written request for a right to sue letter on May 10, 1973. To date, Ms. Johnson has not received a right to sue letter from the EEOC. Although the allegation that Ms. Johnson filed a charge with the EEOC in May 1973 is not specific as to the date, a filing at any time in May of 1973 would be within 180 days as required by the statute.[14] However, Ms. Johnson has not complied with the second jurisdictional requirement, i. e., the receiving of a right to sue letter. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). There is no allegation, nor is it contended that she received a right to sue letter from the EEOC. Therefore, Ms. Johnson's claim under Title VII is premature and she is dismissed as a named plaintiff in connection with her Title VII claim. *Gibson v. Kroger Company,* 506 F.2d 647 (7th Cir. 1974), *cert. denied* 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1973); *Stebbins v. Continental Insurance Co.,* 143 U.S.App.D.C. 121, 442 F.2d 843 (1971).[15]

Charles Robinson is presently employed by Western Electric and has been so employed since March 23, 1970. Mr. Robinson alleges that the defendant has subjected him to unlawful employment practices because of his race. The complaint makes no allegation in connection with any filing by Mr. Robinson of a complaint with the EEOC or any receipt by him of a right to sue letter. The failure to allege the filing of a charge with the EEOC within the statutory period is grounds for dismissal of a Title VII claim. *Foye v. United A. G. Stores Cooperative, Inc.,* 336 F.Supp. 82 (D.Neb.1972); *Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288 (C.D.Cal. 1970). Furthermore, the discovery taken in

---

**14.** Ms. Johnson's complaint arose after the 1972 amendment to Title VII of the Civil Rights Act of 1964 which took effect on March 24, 1972. Therefore, pursuant to 42 U.S.C. § 2000e–5(e), Ms. Johnson had 180 days after the alleged unlawful employment practice within which to file her charge with the EEOC.

**15.** Neither the complaint nor the discovery taken in this case has shown any extraordinary circumstance which would excuse the failure of Ms. Johnson to wait until she received a right to sue letter before instituting suit. *Gibson v. Kroger, supra.* We also note that Ms. Johnson is free, upon receipt of a right to sue letter from the EEOC, to timely initiate a civil suit.

connection with the defendant's motion to dismiss shows that Mr. Robinson has not filed a complaint with the EEOC nor has he received a right to sue letter. Therefore, Mr. Robinson is dismissed as a named plaintiff in connection with this Title VII claim.

██ We point out that the dismissal of a party as a named plaintiff pursuant to the Title VII claims made in the complaint does not mean that such a party may not become a member of the class in a Title VII class action. It is clear that class membership is not restricted to individuals who have filed charges with the EEOC prior to the institution of suit. *Wetzel v. Liberty Mutual Insurance Company,* 508 F.2d 239, 246 (3d Cir. 1975); *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711 (7th Cir. 1969); *Miller v. International Paper Company,* 408 F.2d 283 (5th Cir. 1969); *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968).[16] Although this action was filed as a class action, the Court has not been presented with a motion for class certification and we are making no determination in connection with the propriety of this action for class treatment. We have ruled only that Mr. Dailey, Mr.

Byrd, Mr. Friday, Ms. Johnson and Mr. Robinson have not met the statutory jurisdictional prerequisites for filing a civil action under Title VII and that they are dismissed as named plaintiffs in connection with their Title VII claims.[17]

*Conspiracy Claim Under 42 U.S.C. § 1985(3).*

██ The defendant has moved to dismiss the plaintiffs' conspiracy claim under 42 U.S.C. § 1985(3) on the grounds that a corporation cannot conspire with itself and therefore the plaintiffs have failed to state a claim under § 1985(3). The defendant points out that the only defendant named in the action or mentioned in the complaint is Western Electric, a corporation. 42 U.S.C. § 1985(3) [18] provides for damages in the case of a conspiracy by two or more persons for the purpose of depriving any person or class of persons of the equal protection of the laws. Although the authorities are split as to whether the actions of two or more agents of a single corporate defendant can constitute a conspiracy within the meaning of § 1985(3),[19] no case has ever held that a

---

**16.** In *Wetzel, supra,* the Third Circuit also made it clear that a named plaintiff cannot represent those who could not have filed a charge with the EEOC at the time the named plaintiffs filed their complaint.

**17.** The complaint alleges that these plaintiffs' rights have been violated under 42 U.S.C. § 1981. The defendant has not attacked the sufficiency of the complaint as to all the named plaintiffs in connection with § 1981 so far as the complaint alleges racial discrimination.

**18.** 42 U.S.C. § 1985(3) reads as follows:

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice

President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

**19.** *Compare Rackin v. University of Pennsylvania,* 386 F.Supp. 992 (E.D.Pa.1974) and *Jackson v. University of Pittsburgh,* 405 F.Supp. 607 (W.D.Pa.1975) *with Dombrowsky v. Dowling,* 459 F.2d 190 (7th Cir. 1972); *White v. Motor Freight Express, Inc.,* C.A.No. 74–3149 (E.D.Pa. May 2, 1975); *Cole v. University of Hartford,* 391 F.Supp. 888 (D.Conn.1975); *Milburn v. Blackfrica Promotions, Inc.,* 392 F.Supp. 434 (S.D.N.Y.1974); *Cohen v. Illinois Institute of Technology,* 384 F.Supp. 202 (N.D.Ill.1974); and *Fallis v. Dunbar,* 386 F.Supp. 1117 (W.D. Ohio 1974). See also the well reasoned opinion of my colleague, Judge Fullam, in *Beamon v. W. B. Saunders Company,* 413 F.Supp. 1167 (1976).

complaint alleging a conspiracy under § 1985(3) can survive a motion to dismiss where the corporate defendant is the only named defendant and the complaint fails to allege a conspiracy between two or more persons or entities. Furthermore, our Third Circuit has adopted the rule that a complaint in a civil rights action, particularly one drafted by an attorney, is subject to dismissal unless it specifically pleads a cause of action. *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir. 1976); *Kauffman v. Moss,* 420 F.2d 1270 (3d Cir. 1970); *Rodes v. Municipal Authority of the Borough of Milford,* 409 F.2d 16 (3d Cir. 1969). *See also Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Marshall v. Brierley,* 461 F.2d 929 (3d Cir. 1972). In this respect, plaintiffs' complaint under § 1985(3) is wholly deficient. We will grant the defendant's motion to dismiss the defendant's claim under 42 U.S.C. § 1985(3) without prejudice to the plaintiffs' filing and serving an amended complaint within ten days of the date of this Memorandum and Order properly pleading a cause of action pursuant to § 1985(3).

*Sex Discrimination Under 42 U.S.C. § 1981.*

■ Plaintiff Beverly Johnson has alleged that the defendant has discriminated against her on the basis of her sex, thereby violating 42 U.S.C. § 1981. Defendant contends that an allegation of sexual discrimination fails to state a claim under § 1981.

Section 1981 reads as follows:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

It is clear that claims under § 1981 are limited to instances of racial discrimination. *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.,* 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Sullivan v. Little Hunting Park,* 396 U.S. 229 (1969); *Jones v. Alfred H. Meyer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Young v. I.T.&T. Co.,* 438 F.2d 757 (3d Cir. 1971); *Jackson v. University of Pittsburgh,* 405 F.Supp. 607 (W.D.Pa.1975); *Rackin v. University of Pennsylvania,* 386 F.Supp. 992 (E.D.Pa. 1974). Therefore, Ms. Johnson's claim of alleged sex discrimination fails to state a claim upon which relief can be granted under 42 U.S.C. § 1981 and her claim as to sex discrimination is therefore dismissed.