**Gwenivear JAMES, Plaintiff,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO LOCAL 3204 and Southern Bell Telephone and Telegraph Company, Defendants.**

**Civ. A. No. C81–1826A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 16, 1982.

and subsequently became a member of the defendant union, Communications Workers of America, AFL–CIO Local 3204, ("the Union"). Plaintiff's employment was terminated on June 30, 1980 for unsatisfactory attendance. Grievance procedures were initiated by the Union, but after proceeding through two levels of the grievance procedure, the Union abandoned further efforts on the plaintiff's behalf.

The plaintiff brought this suit in October, 1981. The complaint was amended November 9, 1981. The complaint as amended is in four counts. Count I alleges that the Union breached its duty of fair representation to the plaintiff; Count II alleges that Southern Bell breached its contractual duty to the plaintiff under the collective bargaining agreement between itself and the Union; Count III alleges that Southern Bell discriminated against the plaintiff in violation of Title VII; and Count IV alleges that both defendants discriminated against the plaintiff in violation of 42 U.S.C. § 1981.

Jurisdiction is predicated on 29 U.S.C. § 141 *et seq.*, 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. § 1343 [1].

Southern Bell now moves to dismiss portions of the amended complaint pursuant to rules 15(a), 12(b)(1), and 12(b)(6), Fed.R. Civ.P.

## I. LABOR LAW AND CONTRACT CLAIMS

At least insofar as the plaintiff alleges that Southern Bell committed unfair labor practices in violation of the National Labor Relations Act ("NLRA"), Southern Bell argues that the court is without jurisdiction since, under federal preemption doctrines, determination of unfair labor practices is, in the first instance, committed to the jurisdiction of the National Labor Relations Board. Southern Bell points specifically to paragraphs 27, 33, and 34 of the complaint which state in various ways that Southern Bell's discharge of the plaintiff violated section 8(a)(3) of the NLRA.

Torin D. Togut, Decatur, Ga., for plaintiff.

Donald R. Livingston, Adair & Goldthwaite, Vincent L. Sgrosso and Francis B. Semmes, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This suit arises from the plaintiff's discharge as an employee of defendant Southern Bell Telephone and Telegraph Company ("Southern Bell"). The defendant began work with Southern Bell on August 8, 1969,

1. Plaintiff's amendment to her complaint "adds 42 U.S.C. § 1981 as . . . grounds for the court's jurisdiction . . ." The jurisdictional predicate for 42 U.S.C. § 1981 is 28 U.S.C. § 1343.

In *San Diego Building Trades Counsel v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Supreme Court held that the National Labor Relations Act preempts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act. However, the broad preemption principle of *Garmon* has been modified in subsequent cases, and the Supreme Court has sanctioned the exercise of judicial power over conduct arguably protected or prohibited by the National Labor Relations Act where Congress has affirmatively indicated that such power should exist. *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 297, 91 S.Ct. 1909, 1923, 29 L.Ed.2d 473 (1970).

Two of the most prominent *Garmon* exceptions recognized by the Supreme Court are those relied on by the plaintiff in Counts I and II of her complaint. It is firmly established that under section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, individual union members may sue their employers for breach of a promise in a collective bargaining agreement that was intended to confer a benefit upon the individual. *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). And the Supreme Court has held that such actions under section 301 are judicially cognizable even where the conduct alleged constitutes an unfair labor practice as well as contractual breach. *Id.; Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

Similar results have been reached in cases against a union for breach of its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In *Vaca*, the Supreme Court dealt with the contention that federal and state court jurisdiction was preempted by the NLRB in cases where an employee alleged he was wrongfully discharged and that his attempt to exhaust contractual grievance procedures was stymied by the Union's breach of its duty of fair representation. The court sustained the concurrent jurisdiction of lower federal courts and state courts to hear such cases.

In *Vaca*, the Supreme Court recognized the close nexus between an employee's claims against a union for breach of the duty of fair representation by failure to grieve a discharge decision, and the claims against an employer for breach of a collective bargaining agreement for discharge without sufficient cause. While proof of either claim might involve proof of facts which would also show an unfair labor practice, the court pointed out that the judicial enforcement of an employee's rights in such cases was a practical necessity that did not undercut the rationale of *Garmon*. *Accord, Lockridge, supra.*

■ Accordingly, Counts I and II of the plaintiff's complaint state an essentially good cause of the action. The plaintiff, however, has unfortunately described the purported breach of the defendants' respective obligations, at least in part, by alleging unfair labor practice violations. The Supreme Court's decisions that state and lower federal courts could entertain breach of contract and duty of fair representation cases that might show activities arguably in violation of the NLRA did not sanction the trial of unfair labor practice charges *per se* by these courts.

None of the cases cited by the plaintiff involved unfair labor practice charges determined as an initial matter by a state or lower federal court. *See, e.g., Abilene Sheet Metal, Inc. v. N.L.R.B.*, 619 F.2d 332 (5th Cir. 1980).

The plaintiff is hereby GRANTED ten (10) days from the date of this order to amend paragraphs 27, 28b, 33, and 34 of her complaint in order to restate her allegations in breach of contract and duty of fair representation terms which are cognizable in this court. If the plaintiff fails to amend, those paragraphs will be struck.

## II. TITLE VII CLAIMS

■ Southern Bell argues that the court lacks subject matter jurisdiction over Count III of the amended complaint because the plaintiff has failed to meet the jurisdictional prerequisites to the filing of a suit under

42 U.S.C. § 2000e *et seq.* (hereafter "Title VII").

In *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court stated that there were two "jurisdictional prerequisites" to a Title VII action. These were first, filing timely charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and second, receiving and acting upon the Commission's statutory notice of the right to sue.

In her original complaint, plaintiff omitted any mention of having filed EEOC charges or receiving a right to sue letter. In her amended complaint, plaintiff states that on or about June 1, 1980, (a Sunday), the plaintiff filed a complaint at the EEOC office in Atlanta, but that the EEOC failed and refused to process her charges. The plaintiff apparently has not received a right to sue letter.

In her brief, plaintiff states that the courts have not held that the Title VII jurisdictional prerequisites are absolute. In fact, she argues, as long as the plaintiff has alleged some attempt to contact the EEOC to process her discrimination complaint, she is not responsible if the EEOC fails to fully process her claim and give her a right to sue letter. But the three cases cited by plaintiff in support of this contention stand only for the proposition that the Commission's failure to actually attempt conciliation as envisioned under Title VII is not a bar to a plaintiff's private suit, timely begun, *after plaintiff received a right to sue letter.* Plaintiff cited no cases, nor has this court found any, where a plaintiff was allowed to pursue a suit under Title VII in the complete absence of a right to sue letter.

The court cannot credit the plaintiff's unsupported allegation that the EEOC negligently failed to process her complaint and that this entitles her to proceed without a right to sue letter. Title VII calls for the EEOC to finish its administrative processing of complaints within 180 days of their being brought to the commission, and thereafter to issue a right to sue letter if no other action is being taken. The EEOC, however, developed a backlog of cases which has delayed the issuance of right to sue letters as long as 2 to 3 years. *See* H.R.Rep.No.238, 92nd Cong., 1st Sess. 61 reprinted in [1972] U.S.Code Cong. & Admin.News, pp. 2137, 2147. The Fifth Circuit has recognized that the 180 day period for completion of the administrative processing of EEOC charges is directory, not mandatory, and has adjusted its views of other time requirements under Title VII in light of this fact. *See, e.g., Turner v. Texas Instruments,* 556 F.2d 1349 (5th Cir. 1977). Therefore, the plaintiff may yet receive her right to sue letter, and the EEOC's delay will not prejudice her.

Despite this, if the plaintiff does not wish to wait passively for EEOC action, she has an alternative. In order to allow a plaintiff to "escape from the administrative quagmire which occasionally surrounds a case caught in an overloaded administrative process," the EEOC regulations make clear that after a complaint has been pending before the EEOC for 180 days, a plaintiff has an absolute right, when suing a private party, to obtain a right to sue letter upon demand. 29 C.F.R. § 1601.28.

If plaintiff did file a complaint with the EEOC on or about June 1, 1980, it was within her power to obtain a right to sue letter any time after January, 1981. Absent a showing by the plaintiff that a right to sue letter was requested, the failure to have met this jurisdictional requirement lies solely at her feet.

Suits brought before the plaintiff has received a right to sue letter arise most frequently in cases brought before the 180 day period given to the EEOC for administrative processing of complaints has passed. Because of differing views as to the treatment of the 180 day requirement, the courts are split in their treatment of plaintiffs who have failed to obtain a right to sue letter prior to initiating suit in such cases. The issue in these cases has been whether a suit brought before issuance of a right to sue letter can be cured if 180 days passes, the right to sue letter is subsequently received, and the complaint is amended to

show these facts *prior* to a defendant's motion for dismissal. *See, e.g., Parker v. Kroger Co.,* 14 FEP 75 (N.D.Ga.1976) (dismissal unwarranted where suit filed without notice but notice subsequently obtained after 180 days and prior to motion to dismiss); *Bates v. Western Electric,* 420 F.Supp. 521, (E.D.Pa.1976) (same). *Cf. Budrek v. Crocker National Bank,* 407 F.Supp. 635, 648 n.21, (N.D.Cal.1976) (dismissal required unless notice received before hearing on motion to dismiss). *See also Bogus v. Peck's Product Co.,* 15 FEP 61 (E.D.Mo.1977) (action dismissed without prejudice when plaintiff had no right to sue letter at inception; amendment of complaint to allege subsequent receipt improper). *See generally, B. Schlei & P. Grossman,* Employment Discrimination Law, 236–37 (Supp.1979).

It appears, however, that where, as here, the plaintiff has failed to obtain a right to sue letter, even by the time of a motion for dismissal, the courts are unanimous that the suit must be dismissed. *See, e.g., Parker v. Kroger Co., supra.*

A right to sue letter is more than "a procedural nicety". *See, Parker v. Kroger Co., supra,* at 78. Congress intended that enforcement of Title VII's requirements would be shared between the EEOC and private litigants. The scheme Congress established to implement that shared responsibility must be honored. In the absence of a right to sue letter, plaintiff's Title VII claims must be dismissed.

Since a dismissal on jurisdictional grounds is without prejudice, judicial economy is served by allowing the plaintiff to move to amend her complaint and thereby reinstitute her Title VII claims after she obtains a right to sue letter.

Accordingly the defendant's motion to dismiss Count III is GRANTED without prejudice to the plaintiff's right to move the court for leave to amend her complaint to reinstitute those claims at some time reasonably in advance of trial, but no later than the filing of the pretrial order.

### III. PUNITIVE DAMAGES

█ In her original complaint plaintiff requested punitive damages of $10,000 un-

der Title VII. Punitive damages under Title VII are not allowed. *Miller v. Texas State Board of Education,* 615 F.2d 650, 654 (5th Cir. 1980).

The plaintiff's request for punitive damages based on Title VII is DISMISSED.

In sum, defendant's motion to dismiss plaintiff's complaint is GRANTED in part and DENIED in part.