803 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Chris J. PLAKAS; Rosemary Plakas, Appellants,
v.
COUNTY OF MIDDLESEX, VIRGINIA, Board of Supervisors of the
County of Middlesex; Fred S. Crittenden; Charles
Revere; A. Carl Handley, Jr.; Frank
Jessie; Daniel Gill, Appellees,
James H. Ward, Jr., Aubrey Packett, Defendants.
 No. 85-2159.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1986.
Decided Oct. 6, 1986.
 
 Gerald J. Zerkin (Zerkin, Heard & Scovill; James D. Wright; Conner & Hooker on brief) for appellants; James C. Breeden (William J. Kopcsak, Breeden & Hubbard on brief) for appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge .
 PHILLIPS, Circuit Judge.
 
 
 1
 Plaintiffs Chris and Rosemary Plakas appeal the dismissal of their admiralty claims and abstention from and ultimate dismissal of their due process and just compensation claims brought against Middlesex County, Virginia. We vacate the district court's dismissal of the admiralty claims and remand them for further proceedings. As to the Plakas' claims for deprivation of property without just compensation and due process of law, we vacate the judgments dismissing them on the merits and remand for dismissal for prematurity, upon the authority of Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 53 U.S.L.W. 4969 (U.S. June 28, 1985).
 
 
 2
 * The Plakas own and operate a marina on Broad Creek, a tributary of the Rappahannock River in Middlesex County, Virginia. This suit arose out of activities conducted on a County-operated pier on Broad Creek, adjacent to the land where the Plakas' marina is located. The Plakas contend that their marine business has been harmed by the commercial fishermen's use of the County-operated pier, such as the fishermen's use of the marina's parking, toilet, and waste -disposal facilities, their disposal of trash and shells into Broad Creek, and their maintenance of fishing-related equipment on the pier for extended periods of time. The County allegedly provides no parking, trash receptacles, or restrooms for users of the pier.
 
 
 3
 The plaintiffs' third amended complaint alleged claims under 42 U.S.C. Sec. 1983 for violations of the Plakas' fifth amendment right to just compensation for public use of private property, and their fourteenth amendment rights to due process and equal protection. Claims were also alleged under both admiralty law and the Virginia common law of nuisance for impeding navigation in Broad Creek and under Virginia common law of nuisance for interference in the Plakas' use of their property by the County's alleged failure to provide parking, trash receptacles, restrooms and other facilities for pier-users.
 
 
 4
 Upon the defendants' motion to dismiss the complaint for failure to state a claim for which relief could be granted under Fed.R. Civ.P. 12 (b) (6 ), the district court dismissed the equal protection claim . The court also abstained from considering the due process and just compensation claims on the basis that these claims ultimately depended upon whether the Plakas had an adequate remedy under Virginia law for their claim that the County's and its officers' operation of the pier unlawfully deprived the plaintiffs of their property. The district court retained jurisdiction over these claims, however, abstaining "until the parties can better illuminate the existence and adequacy of state proceedings available that would afford plaintiff compensation for the alleged takings resulting from the County's operation of its pier." Finally, the district court concluded that the Plakas ' claims based upon admiralty and state nuisance law depended principally upon whether the pier was operated in conformity with the permit the Army Corps of Engineers issued to the County. Because the plaintiffs failed to raise the issue of the defendants' conformity with that permit, the district court continued the trial on the merits allowing the County reasonable time for discovery on this issue.
 
 
 5
 The district court later severed all the state claims from the federal claims and dismissed without prejudice the plaintiffs' state nuisance claim. Finally, the court dismissed on sovereign immunity grounds the admiralty claims and dismissed as without merit the remaining claims as to which the court had originally abstained, including the due process and just compensation claims.
 
 
 6
 The Plakas appeal only the dismissal of the admiralty claims and the abstention from and ultimate dismissal of the due process and just compensation claims .
 
 II
 
 7
 The Plakas first contend that the district court erred in dismissing their admiralty claims.[1] While the lower court's order does not expressly state the basis of its dismissal, we have to assume from the record that the dismissal as to the County was based upon sovereign immunity. All parties have now conceded, however, as they must, that sovereign immunity does not apply to actions against a municipality such as the County here. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 280-81 (1977); Scott v. Greenville Couny, 716 F.2d 1409, 1422 (4th Cir.1983). Other grounds for dismissal were presented below but, so far as we can tell, were not the basis for the district court's dismissal and therefore remain for resolution .
 
 
 8
 If the record permitted, we could address these alternative bases for dismissal in the first instance, and we have considered that possibility. The two principal alternative grounds raised by the defendants are failure to state a claim and federal law preemption of the admiralty nuisance claim. While we can decide the preemption issue, we must leave to the district court the question whether other grounds exist for dismissal of these claims or whether they must proceed to trial.
 
 
 9
 We reject the defendants' federal preemption contention. The County relies upon decisions such as California v. Sierra Club, 451 U.S. 287 (1981) ; Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1 (1981); and Conner v. Aerovox, Inc., 730 F.2d 835 (1st Cir.1984), to support its claim that private nuisance claims in admiralty have been preempted by federal regulatory statutes such as the Federal Water Pollution Control Act (FWPCA), 33 U .S .C . 5 1251 et seq., and the Maritime Protection, Research, and Sanctuaries Act of 1972 (MPRSA), 33 U.S.C. Sec. 1401 et seq. The defendants argue that permitting private navigational suits would largely interfere with the comprehensive regulatory scheme administered by the Army Corps of Engineers under 33 U.S.C. Sec. 401 et seq.
 
 
 10
 The defendants, however, have mischaracterized decisions such as Sierra Club, Sea Clammers, and Conner. In all of these cases, Congress had in some way occupied the field by enacting extensive federal regulatory legislation. For instance, in Sea Clammers, the Supreme Court ruled that the federal common law of nuisance in the area of water pollution had been entirely preempted by the enactment of the FWPCA and the MPRSA. 453 U.S. at 21-22. See also City of Milwaukee v. Illinois, 451 U.S. 304, 317 (1981) . Likewise, in Conner, the First Circuit concluded that maritime tort claims for damages resulting from water pollution, based upon a nuisance theory, like federal common -law nuisance claims for such damages, had also been preempted by the enactment of the FWPCA and the MPRSA. 730 F.2d at 840 . The Supreme Court has also rejected private claims for obstruction of navigable waters brought under Section 10 of the River and Harbor Act of 1899, 33 U.S.C. Sec. 403. California v. Sierra Club, 451 U.S. 287 (1981), See also Matter of Oswego Barge Corp., 664 F.2d 327 (2d Cir.1981) (maritime tort claim for water pollution, grounded in common law nuisance, preempted by FWPCA).
 
 
 11
 Each of these decisions involved private actions brought in areas in which Congress had enacted comprehensive regulatory legislation which effectively "occupied the field." The instant case does not. No such wide -ranging federal statute exists here which would preempt the. Plakas' simple maritime nuisance claim. Indeed, recent decisions reveal the continuing vitality of private nuisance claims in admiralty. See, e .g ., Nissan MotorkCorp. v. Maryland Shipbuilding and Drydock Co., 544 F.Supp. 1104, 1117-20 (D.Md.1982) (existence of cause of action in admiralty for private nuisance caused by shipbuilder's paint spraying recognized, but denied on merits); Kohlasch v. New York State Thruway Authority, 516 F.Supp. 769 (S.D.N.Y.1981) (same; claim based on discharges which impeded navigational rights); see also Sound Marine & Machine Corp. v. Westchester County, 100 F .2d 360 (2d Cir.1938) (recognizing cause of action for private nuisance interfering with navigation).
 
 
 12
 Accordingly, we conclude that the Plakas ' private nuisance claim in admiralty has not been preempted by any federal regulatory scheme. We express no opinion, however, as to whether on the merits the plaintiffs have stated such an admiralty claim, and we vacate and remand to the district court for further proceedings in respect of the claims so alleged.
 
 III
 
 13
 We now turn to the plaintiffs' contention that the lower court erred in first abstaining from, and later dismissing, the Plakas' just compensation and due process claims . The Plakas claimed under 42 U.S.C. Sec. 1983 a taking of their private property without just compensation and a denial of due process by the County's operation of the public pier.
 
 
 14
 The district court originally abstained, retaining jurisdiction, to afford the Plakas an opportunity to present their due process and just compensation claims in the state courts. When the Plakas failed to pursue any state remedy, the court dismissed these claims on the merits. See Fed.R.Civ.P. 41(b).
 
 
 15
 Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 53 U.S.L.W. 4969 (U.S. June 28, 1985), dictates that the proper disposition of these claims was a dismissal for prematurity rather than abstention followed by dismissal on the merits for failure to "exhaust" state remedies. In Williamson, a real estate developer had sued a local planning commission and its staff under 42 U.S.C. Sec. 1983 alleging that the commission had taken its property without just compensation by refusing to approve the plaintiff's proposed development on the basis of a recent change in a land use ordinance and regulations.
 
 
 16
 Without reaching the question whether federal, state, and local governments must pay money damages to a landowner whose property allegedly had been "taken" temporarily by the application of government regulations, the Court simply concluded that the plaintiff 's claim was premature. Because the developer had not yet obtained a final decision regarding the application of the ordinance and regulations to its property, nor utilized the state mechanisms available for obtaining just compensation, it could not yet claim that its property had been "taken" without just compensation. Id. at 4973.[2] Similarly, the claim was premature if analyzed under a due process claim that the regulation went "too far" so that by operating in effect as an appropriation of the property it was an invalid exercise of the police power. But whether it went "too far " could only be determined after a final decision had been made as to how the regulations would be applied to the property. That decision had not been made when the Sec. 1983 action was commenced because the developer had not applied for variances that might have been sought in state proceedings. in consequence, the 5 1983 action was also premature when analyzed in this way. Id. at 4976 .
 
 
 17
 In the instant case, the State of Virginia has procedures for obtaining just compensation which the Plakas have failed to utilize. Va.Code Sec. 8 .01-187 (1950 amended) provides compensation for both takings and damage to property, and provides a statutory mechanism for enforcing inverse condemnation claims under the Virginia Constitution's just Compensation Clause . Va. Const., Art. I, Sec. 11,[3]
 
 
 18
 The Plakas have not only refused to resort to these state just compensation remedies, they have also failed to make any showing that these state mechanisms are inadequate to provide just compensation for the County's alleged taking. As the Court noted in Williamson, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. " 53 U.S.L.W. at 4975. Where, as here, the "State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id.
 
 
 19
 On the authority of Williamson we therefore remand with instructions to dismiss, specifically on grounds of prematurity, the plaintiffs' due process and just compensation claims. See Restatement (Second) of Judgments Sec. 20(2) (dismissal for prematurity does not preclude later action on matured claim not substantively precluded); Fujii v. Dulles, 259 F.2d 866 (9th Cir. 1958).
 
 
 20
 VACATED AND REMANDED.
 
 
 
 [1]
 The Plakas' admiralty claims, contained in paragraph 35 of their third amended complaint, alleged that:
 Defendants County's and Board's construction of a pier in violation of the relevant permit, and their failure to prevent its use by commercial fishermen in a manner that impedes navigation and obstructs access to plaintiff's marina and associated facilities, constitutes a nuisance and an unlawful interference with navigation under Virginia common law and the law of Admiralty.
 
 
 [2]
 The plaintiff asserted that it should not be required to seek variances from the regulations because its suit was under 42 U.S.C. Sec. 1983, as to which there is no exhaustion of administrative remedies requirement. Patsy v. Florida Board of Regents, 457 U.S. 496 (1982). The Court explained, however, that "[t]he question whether administrative remedies must be exhausted is conceptually distinct ... from the question whether an administrative action must be final before it is judicially reviewable." Williamson, 53 U.S.L.W. at 4974. Because the Commission's denial of approval for the developer's plans did not conclusively determine whether the plaintiff would be denied all reasonable beneficial use of its property, it was not a final, reviewable decision. Id. at 4975
 
 
 [3]
 Va.Code Sec. 8.01-187 provides in pertinent part:
 Whenever it is determined in a declaratory judgment proceeding that a person's property has been taken or damaged within the meaning of Article I, Sec. 11 of the Constitution of Virginia and compensation has not been paid or any action taken to determine the compensation within sixty days following the entry of such judgment order or decree, the court which entered the order or decree may, upon motion of such person after reasonable notice to the adverse party, enter a further order appointing commissioners to determine the compensation. The appointment of commissioners and all proceedings thereafter shall be governed by the procedure prescribed for the condemning authority.
 In addition, Va.Code 325-251 entitles landowners to reimbursement from the Commonwealth for costs and expenses, including attorneys fees, incurred in pursuing inverse condemnation relief.